Spalding, J.
The record before us nowhere shows that the decision of the Supreme Court on the circuit turned exclusively upon the refusal of the court below to grant a new trial.
We find, however, that this is the only matter assigned for error deserving of much consideration, and, in our examination of the subject, will assume the proposition of plaintiff’s counsel to be true; that no other sufficient cause of reversal was found by the court to exist in the record.
By the act of March 12, 1845, entitled “ an act to regulate the judicial courts and the practice thereof,” it is provided that in all cases pending in the courts of common pleas, etc., either party shall have the right to except to the opinion of the court in all cases of motion for a new trial, by reason of any supjjosed misdirection of the court to the jury, or by reason that the verdict may be supposed to be against law or evidence, so that such case may be removed by writ of error.
The right to except to the ruling of the inferior tribunal in refusing, on motion for a new trial, to set aside their own finding, in the absence of a jury, is also recognized in practice by this court as within the spoirit of the legislative enactment.
Since the right of appeal has been taken away from the parties in actions at law, this court has often interposed, under the act of 1845, to reverse a judgment, for the reason that the court in which it was rendered had unreasonably refused a new trial; the verdict being manifestly against the evidence.
This is, in effect, a second trial upon the weight of the testimony before a different tribunal; and the power conferred by the statute upon this court is sometimes necessarily called into exercise to prevent a total failure of justice.
Not so, however, where the error assigned is that the court *69 below sustained the motion for a new tria 1, and set aside the verdict or judgment. No irreparable wrong can be done in *such a case, as it only compels the parties to retrace.their steps, and submit their proofs and allegations a second time to the same tribunal.
Hence, although by the terms of the statute the party supposing himself aggrieved would seem entitled to his writ of error, as well where a motion for a new trial is sustained as where it is refused, no case has occurred in practice where this court has seen fit to reverse the proceedings of a subordinate tribunal for the sole reason that it has, on motion, set aside a verdict as against evidence, and ordered a new trial.
In the case at bar, the testimony is by no means of a preponderating and conclusive character. The members of this court would probably divide in opinion, if called to try the cause upon its merits.
A jury might, therefore, without any glaring impropriety, have returned a verdict for either party; and if the judge of the commercial court had seen proper, on reflection, to have set aside his own finding, and to direct a new trial, this court, most undoubtedly, would have refused to disturb his proceedings.
What different bearing has the question before us been made to assume ?
The judge of the commercial court refused to entertain the motion of defendant for a new trial, and entered up judgment for plaintiff upon the notes. Two judges of the Supreme Court, sitting for the county of Hamilton, deeming the evidence insufficient to sustain the plaintiff’s claim, have set aside the judgment and directed a new trial.
Saying nothing about the perplexity into which the parties litigant would be thrown by a different course of procedure, I ask if it can be expected that we shall treat the proceedings of the Supreme Court for Hamilton county with less respect than that which we are at all times ready to extend to the action of the commercial court of Cincinnati ?
We would not have interposed our authority to prevent a second trial, if ordered by the commercial court, for the same *causo.
We will not interfere to disturb the action of the Supreme Court, which has produced no other or different result.
The judgment is affirmed..