JOHNSON, C. J.
Sternberger’s deed was delivered and took effect prior to that to Leonard Stephenson. Both parcels covered by the respective deeds were subject to the lien of Mrs. Hanna’s mortgage. As this mortgage is in part unsatisfied, and she is asking a sale for its payment, the contest between Sternber-ger and Morgan is, whose land shall be first sold to satisfy the same ?
Morgan’s claim is, that although his deed is later than Sternberger’s, yet his equity to have Sternberger’s land first sold is the better. He founds this claim upon the alleged fact that he was in actual possession of the land covered by his deed under a prior verbal contract of purchase from their common grantor.
He seeks to establish this equity by the evidence of his grantor Leonard Stephenson.
1. Assuming for the present that such an equity would give priority, the first question is, was Leonard Stephenson a competent witness ?
It is claimed that under Revised Statutes sections 5241, and 5242, and by the spirit and reason of those sections, he was incompetent.
Section 5241 relates to the incompetency of witnesses in *308 certain respects, which do not embrace the case at bar. This is a contest between Morgan, who stands in the shoes of Leonard Stephenson, and Sternberger. Neither Leonard nor his grantor John H. Stephenson are parties to this action, nor is any relief sought against either. The latter died insolvent, after having parted with all his title and interest in both tracts.
In such a contest both Sternberger and Morgan are competent witnesses. It is not sought to charge the estate of Stephenson with any liability. The sole question being whose land shall be first subjected to the satisfaction of a prior mortgage. Both are to be regarded as grantees of an absolute title to different parts of the land covered with mortgage. Section 5242 prohibits a parly from testifying where the adverse party occupies any of the fiduciary relations named, or claims or defends as lieir, grantee, assignee, devisee or legatee of a deceased person except in cases therein specified.
If Leonard Stevenson was in possession under a parol agreement partly performed, the other tract remaining in John II. Stephenson, then Leonard’s right to have the unsold tract first subjected to the mortgage as against John H. would be clear. So, if the part conveyed to Leonard had remained unsold, Sternberger’s right to have it first subjected to sale is equally clear. Both parties are claiming and defending as grantees in a certain sense, but neither in the sense of this sec.-, tion. The scope and purpose of section of 5242 is to provide for mutuality. As each are competent against the other, that purpose is subserved. Strictly speaking, section 5242, relates to cases where the matter in litigation is directly involved, as where the title to the thing granted is directly attacked. Where this is the case a party is not competent when the adverse party is acting in a representative capacity, or claims or defends as heir, grantee devisee or legatee. Sternberger’s title is to a tract of land different to that claimed by Morgan. This controversy does not impeach the title of either grantee. Morgan’s claim is to establish a prior equity which will protect his land from sale, and so is Sternberger’s. The claim of each to the tract conveyed by him is not in controversy. The judgment *309 on the issue will not affect the estate of John H. Stephenson. It is immaterial to this estate whose land shall be first sold. The general rule is in favor of the competency of all persons, except those specially named in section 5240; and we are unwilling to make further exceptions where the terms of the statute do not expressly require it. Some reliance is placed on the latter clause of section 5242, which reads : “ Where a case is plainly within the reason and spirit of the last three sections though not within the strict letter their principle shall be applied.” In the recent case of Cochran v. Almack, 39 Ohio St. 314; this clause was under consideration. The conclusions there reached are in harmony with the foregoing view. It is enough to say that to warrant the application of this clause, it must be plainly within the reason and spirit of section 5240, which makes all persons competent except those therein named, as well as within section 5241 and section 5242, which relate to the exclusion of certain named persons, under the special-circumstances therein stated.
2. The next and principal question is,-whose land shall be first sold ?
It appears that Sternberger purchased his land without reference to the mortgage incumbrance. He paid its full value without actual knowledge of the mortgage, though charged with constructive notice of it, the same having been duly recorded. His deed took effect prior to that to Leonard Stephenson which though executed on the same day, was subsequently delivered. It further appears, that this latter deed had a consideration equal to the full value of the land conveyed. Upon this state of fact alone, Morgan’s land should be first subjected to the satisfaction of Hanna’s mortgage, the rule being that where lands incumbered by a mortgage are sold in different parcels, to different purchasers at different times, each paying full value without regard to the mortgage incumbrance, the different parcels shall be sold to satisfy the same, in the inverse order of alienation.
It remains to be determined what effect, if any, the proof offered in this case of a prior vested contract of purchase' executed by a junior conveyance, has upon this rule. That proof *310 tended to show, and for the purposes of this ease we will assume it does show that there existed a prior parol agreement between the mortgagor, John H. Stephenson, and his son Leonard Stephenson under which the latter agreed to purchase, at first, eighty acres, and after that the additional ten acres, for the consideration of $3,500, and that he entered into possession and partly performed this contract as to payment before Stern-bei’ger’s deed took effect. We will further assume that Leonard Stephenson had so far performed this contract as that at the date of said deed he would have been entitled to a specific performance as against John H. Stephenson upon full payment of the purchase money. Such verbal contract and part performance coupled with actual and notorious possession would have been constructive notice to Sternberger of his equitable title. It would have made it the duty of the latter’, to have inquired and ascertained the extent of Leonard’s interest in the tract so occupied, and would have charged him in the event of his purchase of the same tract with the nature and extent of his equitable title. Sternberger was chargeable in law, though having no actual notice of the mortgage incum-brance. Being the first purchaser, however, and having paid full value and obtained his deed he had right to assume that John H. Stephenson intended to charge the unsatisfied mortgage debt, upon the balance of the land remaining in his hands, which he afterwards conveyed to Leonard Stephenson. At that time the extent of his interest, assuming the verbal contract and part performance to be shown, in the ninety acres, consisted of the legal title and the unpaid purchase money due from Leonard. As Sternberger was chargeable with notice of Leonard’s equity arising from his possession and part performance of the verbal contract, he had no right to assume that liis grantor intended to charge not only his own remaining interest in this parcel, but also that of Leonard, with the mortgage burden. Leonard being a purchaser who had acquired by part performance an equitable interest, notice of which was chargeable to Sternberger, he could not be divested of this by subsequent purchase of another tract, covered by the same mortgage.
*311 Sternberger’s purchase was completely consummated by full payment and receiving a deed. Leonard’s purchase was partly consummated before Sternberger’s, and was finally consummated by the junior deed. To the extent of the interest which John H. Stephenson had in the ninety acres, now held by Morgan, which is measured by the unpaid purchase money, due at the date of Sternberger’s deed, this tract should first be subjected to the satisfaction of the mortgage. All payments made by Leonard to the mortgagor after the delivery of Stern-berger’s deed were at his peril. As a vendee of the mortgagor he was advised of the existence of the mortgage and of the conveyance to Sternberger. These subsequent payments, without insisting that they should apply to the satisfaction of the mortgage, subordinates his equity to that extent, to that of Sternberger, who had paid in full and first acquired the legal title.
In reaching this conclusion we need not notice that class of cases, where purchasers of a mortgagor purchase and pay for the equity of redemption merely, as in the case at bar both vendees were purchasers of respective tracts for their full value, and neither was -.as between them and their vendor bound to satisfy the mortgage. The district court in determining that Morgan’s land should be last sold, went upon the ground doubtless, that as his verbal contract was prior in date it should have precedence over a later deed, though only part performed. In this we think there was error. Priority of verbal contract, possession and part payment sufficient to take the case out of the statute of frauds, did give him precedence to the extent of his then equitable interest. It is the equity thus vested in Leonard Stephenson which Morgan acquired by his purchase. We hold therefore that to the extent of the interest of John II. Stephenson in the ninety acres, at the date of Sternberger’s deed, this land is first chargeable. That interest is to be determined by ascertaining the amount then due from Leonard to John H. Stephenson. This we cannot now determine.
By the admission of Leonard Stephenson, he then owed at least fifty dollars-on the eighty acre tract, and four hundred *312 on the ten acre tract. Tbe judgment of tbe district court will be reversed, and tbe cause remanded with instructions, to ascertain if there was such prior verbal contract with possession and part performance and bow much was due from Leonard to Jolin H. Stephenson, and to order him or bis grantee Morgan, to pay that amount, and upon default to subject Morgan’s land to such payment and satisfaction of tbe Hanna mortgage before resorting to tbe tract sold to Sfcernberger.
In support of the foregoing, we cite Kyle v. Thompson, 11 Ohio St. 616; Lefferson v. Hallas, 20 Ohio St. 74; James v. Hubbard, 1 Paige, 228; Hunt v. Mansfield, 31 Conn. 488; Chapman v. West, 17 N. Y. 125; Brown v. Simons, 44 N. H. 475; Chase v. Woodbury, 6 Cush. 143.
If it be a fact that tbe subsequent contract of purchase of tbe ten acres was not so far performed as to give Leonard an equitable estate therein at the date of Sternberger’s title, then it should be first subject to sale as the property of John H. Stephenson, before resorting to the prior purchase of lot No. 67.

Judgment reversed.