## McKennon v. May.

1. Mortgage, Chattel: *Act of the tenth of March, 1877, construed: Extension: Notice.*

Unless a chattel-mortgage which is to be filed but not recorded under the act of March 10, 1877, is extended, as required by the second section of the statute, it becomes void as to creditors, subsequent mortgagees and purchasers of the mortgagor, after the lapse of a year from the filing, unless it is extended as required by the statute, although they have notice of it.

2. Mortgage: *Right of junior mortgagee for expenses on mortgaged property.*

A mortgagee of a crop raised upon rented land can not recover the crop from a subsequent mortgagee in possession of it, who has paid the rent and expenses of gathering and preparing it for market with his consent, without first paying or tendering him the rent and expenses paid by him.

3. Replevin: *Plaintiff's title acquired after suit brought.*

Replevin can not be maintained upon a title acquired after suit brought.

4. Same: *Confusion of goods.*

Replevin can not be maintained for cotton mixed in the same bale with the defendant's.

APPEAL from *Johnson* Circuit Court.

Hon. W. D. Jacoway, Circuit Judge.

*George L. Basham*, for appellant:

The third and fourth instructions asked for plaintiff were undoubtedly law. Plaintiff had a mortgage from both Burks and Johnson, while appellee had one from Burks only. May was a trespasser when he took possession of Johnson's and Oakes' crop, and the payment of the rent gave him no claim.

*J. W. May*, pro se:

1. Appellant failed to make and file the affidavit re-

quired by section 2 of the act of March 10, 1877, and his mortgage was void as against appellee.

2. Johnson was a share-cropper, and had no right to give a mortgage on any interest he may have had.

3. Appellant did not tender or pay the amount paid out by appellee for expenses in saving the crop.

4. Burks and Johnson abandoned the crop, and appellee was compelled to gather it.

5. The third and fourth instructions asked by plaintiff were not warranted by the evidence.

ENGLISH, C. J. On the sixth of April, 1881, F. R. Mc-Kennon brought replevin, in the Circuit Court of Johnson County, against John W. May, for thirteen bales of cotton.

The Sheriff, under the order of delivery, seized twelve bales of cotton. Defendant gave a cross-bond, and retained possession of the cotton.

There was an answer controverting plaintiff's alleged title, and setting up title and right of possession in defendant. There was a trial by jury, verdict and judgment for defendant. Plaintiff moved for a new trial, which was refused, and he took a bill of exceptions and appealed.

The evidence introduced at the trial, as set out in the bill of exceptions, conduced to prove the following leading facts:

Early in the year 1880, Green Logan rented to J. A. Burks twenty-five acres of land for $150, and it was upon this land that the cotton in controversy was produced.

J. A. Burks made an agreement with W. A. Johnson to furnish him with eleven acres of the land he had rented from Green Logan; and also a team, feed and farming implements; and Johnson was to furnish the labor to cultivate the land, and gather the crop. What part of the crop Johnson was to get for his labor does not appear.

Logan looked alone to Burks for the payment of the rent for the whole of the twenty-five acres of land, and not to Johnson.

On the first of March, 1880, J. A. Burks and W. A. Johnson executed to plaintiff a mortgage on a horse, a mare, and twenty-five àcres of cotton to be grown or cultivated by them on the Green Logan farm, on Horsehead Creek, in Johnson County, and eight acres of corn to be raised by W. A. Johnson on J. A. Burks' land in said county, to secure the payment of a note for $170, payable the first of December, 1880, with power to the mortgagee, on default, etc., to take possession of the property and sell it, etc. The mortgage was acknowledged, and indorsed by plaintiff, "This instrument is to be filed, but not recorded," as provided by the act of March 10, 1877. The mortgage so indorsed was filed in the office of the Recorder of Johnson County, on the fourth of March, 1880.

It was under this mortgage that plaintiff claimed title to the cotton in controversy. He did not file the extension affidavit required by section 2 of the act. *Acts of 1877, p. 80.*

On the third of April, 1880, J. A. Burks executed to defendant, May, a mortgage on a horse, a mare, a wagon, and his crops of cotton and corn that he might raise and grow during the year 1880, to secure the payment of a note for $300, due the first of November, 1880, with power to take possession of the property and sell it on default of payment, etc. This mortgage was acknowledged, and indorsed by defendant, as provided by the statute, and filed in the office of the Recorder of Johnson County, on the nineteenth of June, 1880.

Defendant claimed the cotton in controversy under this mortgage, and he had a further claim stated below.

Burks and Johnson cultivated cotton on the land rented

by the former of Green, Logan, but, in the fall of 1880, refused to gather it, and abandoned their crops.

After plaintiff's mortgage had expired by reason of his failure to file the extension affidavit, and when defendant's mortgage was still in force, and the cotton yet ungathered, defendant and plaintiff, differing about the priority of their liens, agreed that defendant should pay the rent due Green Logan for the land, and have the cotton picked, ginned and baled, and that they would submit the question of the priority of their liens to Judge Mansfield.  Accordingly, defendant paid the rent, and paid for picking, hauling, ginning and baling the cotton, which, altogether, amounted to $448.90, and which exceeded the value of the twelve bales of cotton, they being worth $35 per bale, making $420.

Under the agreement above referred to, it was the understanding of the parties, that the matter of the priority of their liens should be submitted to Judge Mansfield at the following May term, 1881, of the Circuit Court of Johnson County. After defendant had paid the rent, and the expenses of preserving and preparing the cotton for market as agreed, plaintiff proposed that they would write to Judge Mansfield, and get his opinion as to the law in the premises, which defendant declined.  Plaintiff then demanded the cotton of defendant, without tendering him the money paid by him for rent, gathering, hauling, ginning and baling the cotton, or any part thereof, and defendant refused to deliver the cotton to him, and he commenced this suit of replevin for it, sixth of April, 1881.

There was, as in most cases, some conflicting evidence about the principal facts, but the evidence, taken altogether, conduced to prove substantially, the facts as stated above.

McKennon v. May.

1. CHATTEL MORTGAGE: Act of March 10, 1877, construed. Extension. Notice.

I. Plaintiff moved for four instructions, which the court refused, and gave a like number asked by defendant.

Plaintiff's first and second instructions submitted in effect, the legal proposition, that though he failed to file the extension affidavit required by the statute, yet, if defendant had actual notice of his mortgage, and that his debt had not been paid, his lien would be superior to the lien of defendant.   This is not law.

The second section of the act of the tenth of March, 1877, provides that every mortgage indorsed to be filed but not recorded, and filed, shall be void as against the creditors of the mortgagor, ,or against subsequent purchasers or mortgagees in good faith, after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of one year from such filing, and each year thereafter, the mortgagee, his agent or attorney shall make an affidavit exhibiting the interest of the mortgagee at the time last aforesaid, claimed by virtue of such mortgage; and if said mortgage is to secure the payment of money, the amount yet due and unpaid, and such affidavit shall be attached to and filed with the instrument or copy on file, to which it relates, etc.

Plaintiff's mortgage was prior in time and superior to defendant's during its statute life, but it lost its superiority on his failure to file the extension affidavit required by the statute. Under our laws providing for the recording of mortgages, actual notice does not supply the want of registration under the general statute, or the filing of a chattel mortgage, and the extension affidavit as required by the act in question. Defendant's mortgage was in force when this suit was brought, and plaintiff's, as to him, had expired.

II. The third instruction moved by plaintiff was, in substance, that defendant's mortgage did not embrace so much of the cotton as was raised by Johnson, and that he had no right to hold the cotton raised by Johnson by reason of his having paid the rent to Green Logan, and the expense of gathering the crop.

2. MORT-
GAGEE:
Right of
junior to
expenses
on mort-
gaged pro-
perty.

Johnson, Burks' cropper, did not join Burks in the mortgage to defendant, as he had in the mortgage to the plaintiff. But the lien of Logan, as landlord, for rent, was prior and paramount to the claims of all the parties.

Defendant paid that by consent of plaintiff. Johnson abandoned the cotton grown by him, as did Burks that cultivated by him, both refusing to pick their crops. By consent of plaintiff, defendant paid the expense of preserving the abandoned crops, and preparing the cotton for market. Unfortunately these expenses, and the rent, exceeded the value of the cotton. But it would have been unjust to permit plaintiff to take the cotton from the possession of defendant, without refunding to him the money so expended upon it by his consent. See *Fry & Co. v. Ford, 38 Ark., 255.*

III. There was some evidence that Johnson had let a laborer have part of the land furnished him by Burks, and that the laborer had cultivated cotton on the land, picked it, and sold it to Burks in the seed, and that his cotton had gone into the twelve bales in controversy, and that after the commencement of this suit, Burks had made plaintiff a bill of sale for it, but he had paid him nothing for it.

The fourth instruction moved by plaintiff, was to the effect that, if the jury believed such evidence, they would find in favor of plaintiff as to this cotton.

This instruction was properly refused, for two reasons : First, plaintiff could not recover on a title acquired after he commenced his suit; and, second, if the laborer's cot-

3 REPLEVIN:
Title ac-
quired af-
ter suit.

4. SAME: ton went into the bales of cotton in controversy, it was so
Where goods con- mingled with the other cotton as to be incapable of iden-
fused. tification, and could not be recovered by the action of
replevin.

IV.   The instructions given for defendant were in har-
mony with the principles of law above announced in con-
sidering the instructions moved for plaintiff, and refused,
and need not be more particularly noticed.

Affirmed.