NATIONAL LIVE STOCK COMMISSION Co. *et al.* v. TALIAFERRO *et al.*

No. 559 Ind. T.    Opinion Filed Feb. 4, 1908.

(93 Pac. 983.)

1.  **STATUTES—Adoption from Arkansas—Previous Construction.** It will be presumed that Congress, in adopting the statutes of Arkansas for the Indian Territory, adopted them with the construction and interpretation that had been placed on them by the Supreme Court of Arkansas prior to their adoption by Congress.

2.  **CHATTEL MORTGAGES—Failure to Extend—Conversion of Property—Action by Mortgagee Against Purchaser.** An action for conversion under the statutes of Arkansas on mortgages, put in force in the Indian Territory, will not lie in favor of the mortgagee under a mortgage against the purchaser of the mortgaged property, where the mortgage was filed, but not recorded, and where such action is not begun until after the lapse of one year from the filing of such mortgage unless such mortgage has been extended as required by statute, although the purchaser purchased the mortgaged property before the expiration of one year from the filing of the mortgage.

(Syllabus by the Court.)

*Error from the United States Court for the Southern District of the Indian Territory; before Hosea Townsend, Judge.*

Action by the National Live Stock Commission Company and R. H. McNatt, trustee, against W. N. Taliaferro and D. B. Taliaferro.  Judgment for defendants, and plaintiffs appeal. Affirmed.

This action was instituted on the 12th day of August, 1903, in the United States Court for the Southern District of the Indian Territory, at Tishomingo, by the National Livestock Commission Company and R. H. McNatt, trustee, against W. N. Taliaferro and

D. B. Taliaferro. The portion of the plaintiffs' complaint that attempts to allege a cause of action against the defendants is as follows:

"For cause of action plaintiffs state that on April 26, 1900, one Sam Loughmiller, of Grayson county, Tex., for a valid consideration executed to R. H. McNatt, trustee for the National Live Stock Commission Co., a deed of trust covering 135 head of steer yearlings and 30 cows, branded L on left side, and located in Hume pasture, near Woodville, Ind. T., a certified copy of said deed of trust being attached hereto and made a part hereof, and marked 'Exhibit A.' That said deed of trust was properly indorsed and filed with the United States clerk at Ardmore, Ind. T., on May 5, 1900. That in the month of November or December, 1900, while said deed of trust was in full force and effect, and without the consent or knowledge of these plaintiffs, or either of them, the said Sam Loughmiller sold said cattle to the defendants herein W. N. Taliaferro and D. B. Taliaferro, who converted same to their own use and benefit; but plaintiff alleges that said mortgage was not extended by filing an extension affidavit as required by the statute, and that when this suit was filed the same was not properly recorded or filed for record. That by the terms of said deed of trust these plaintiffs had a special property interest in said cattle at time of said conversion by said defendants, and at time of said conversion said cattle were of the reasonable value of $1,500."

A copy of the deed of trust attached to said complaint fully confirms the allegations set out in plaintiffs' complaint as to the facts alleged therein relative to said deed of trust.

To plaintiffs' complaint defendants filed a demurrer, which was sustained by the court. Plaintiffs thereupon refused to plead further, and the court rendered judgment dismissing the action and taxing the costs against plaintiffs.

Whereupon the case was appealed by the plaintiffs to the United States Court of Appeals for the Indian Territory, where it was pending at the time of the admission of Oklahoma as a state, and comes to this court under the provisions of the enabling act.

*Herbert, Walker & Cannon,* for appellants.

*Cruce, Cruce & Bleakmore* and *Henshaw & Faulkner,* for appellees.

HAYES, J. (after stating the facts as above). Appellants make two assignments of error, both of which go to the action of the court in sustaining appellees' demurrer to the complaint and in dismissing said cause from the docket of the trial court and taxing costs against the appellants. On May 2, 1890, Congress by an act extended over and put in force in the Indian Territory certain chapters of Mansfield's Digest of the Statutes of Arkansas, published in 1884. Among the chapters of said digest put in force in the Indian Territory was chapter 110, on "Mortgages," which contained, among other sections, the following sections:

"Sec. 4742. All mortgages, whether for real or personal estate, shall be proved or acknowledged in the same manner that deeds for the conveyance of real estate are now required by law to be proved or acknowledged; and when so proved or acknowledged shall be recorded—if for lands, in the county or counties in which the lands lie, and, if for personal property, in the county in which the mortgagor resides.

"Sec. 4743. Every mortgage, whether for real or personal property, shall be a lien on the mortgaged property from the time the same is filed in the recorder's office for record, and not before; which filing shall be notice to all persons of the existence of such mortgage."

"Sec. 4750. Whenever any mortgage or conveyance, intended to operate as a mortgage of personal property, or any deed of trust upon personal property, shall be filed with any recorder in this state upon which is indorsed the following words: 'This instrument is to be filed, but not recorded'—and which indorsement is signed by the mortgagee, his agent or attorney, the said instrument, when so received, shall be marked 'Filed' by the recorder, with the time of filing, upon the back of such instrument; and he shall file the same in his office and it shall be a lien on the property therein described from the time of filing, and the same shall be kept there for the inspection of all persons interested; and said instrument shall be thenceforth notice to all the world of the contents thereof without further record, except as hereinafter provided.

"Sec. 4751. Every mortgage so indorsed and filed shall be void as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith, after

the expiration of one year after the filing thereof, unless within thirty days next preceding the expiration of one year from such filing, and each year thereafter, the mortgagee, his agent or attorney, shall make an affidavit exhibiting the interest of the mortgagee at the time last aforseaid claimed by virtue of such mortgage, and, if said mortgage is to secure the payment of money the amount yet due and unpaid, such affidavit shall be attached to and field with the instrument or copy on file to which it relates." (Ind. T. Ann St. 1899, §§ 3053, 3054, 3061, 3062).

On, February 3, 1897 (29 Stat. 510, c. 136), an act of Congress, amending section 4742 of Mansfield's Digest of the Statutes of Arkansás [Ind. T. Ann. St. 1899, §3053], above set out, was approved, which amendment, omitting the caption, was as follows:

"Provided, that if the mortgagor is a nonresident of the Indian Territory, the mortgage shall be recorded in the judicial district in which the property is situated at the time the mortgage is executed. All mortgages of personal property in the Indian Territory heretofore executed and recorded in the judicial district thereof in which the property was situated at the time they were executed are hereby validated."

In the deed of trust attached to the complaint of plaintiffs as an exhibit it is stated that Sam Loughmiller, the mortgagor, was at the time of the execution of the same a resident of Grayson county, Texas, but that the property mortgaged was located in the Chickasaw Nation, Indian Territory, which was a part of the Southern District of the Indian Territory. The proper place, then, for recording said deed of trust was in the office of the clerk of the United States Court at Ardmore, Ind. T., where it was filed, but not recorded, on the 5th day of May, 1900. Therefore, under the pleadings in the trial court and the assignments of error in this court, there is but one question presented to this court for its consideration and answer to-wit: Could a trustee, joined by the beneficiary, under a deed of trust conveying personal property which had been filed as by law provided, maintain an action for conversion against one who had purchased the mortgaged property prior to the expiration of 12 months from date of the filing of the deed of trust, when no affidavit for a renewal or extension of said

deed of trust was filed within 30 days next preceding the expira-
tion of 1 year from date of the filing of the deed of trust, when
such suit for conversion was not instituted until after the expira-
tion of said period of 1 year from the filing of said deed of trust?

The Supreme Court of Arkansas, in the case of *McKennon v.
May*, 39 Ark. 442, prior to the act of Congress extending in force
in the Indian Territory said chapter on mortgages, construed said
section 4751 [section 3062], and held that a chattel mortgage
which had been filed, but not recorded, and which had not been
extended as provided and required by section 4751, becomes void
as to creditors, subsequent mortgagees, and purchasers of the mort-
gaged property after the lapse of 1 year from the filing. In that
case, the plaintiff had taken a mortgage on a crop of cotton and
filed his mortgage as provided by law. Subsequently, and prior to
the expiration of 1 year from such filing of the mortgage by plaint-
iff, defendant had taken a mortgage upon the same crop of cotton.
After the expiration of one year plaintiff, without having filed an
affidavit within 30 days next preceding the expiration of 1 year
from the filing of his mortgage, instituted a replevin suit against
the defendant, May, who was the mortgagee under the second mort-
gage, and who had taken possession of the crop of cotton mort-
gaged. The court held that plaintiff's mortgage lost its superiority
upon his failure to file the extension affidavit as required by the
statute, and that his mortgage, as to the defendant's mortgage, had
expired and was of no force and effect. The Supreme Court of
Arkansas, in the case of *Crawford v. Trigg et al.*, 15 S. W. 185, not
without some criticism thereon, adhered to the ruling of the
court in the case of *McKennon v. May*. The case of *Crawford v.
Trigg*, however, was rendered by the court subsequent to the act
of Congress extending said laws of Arkansas over the Indian Ter-
ritory, and it alone would have no binding force upon the trial
court or upon this court in the case at bar; but we call attention
to the same for the reason that the decision of the court therein
clearly shows that there is no misunderstanding in that court
about the rule laid down in *McKennon v. May*.

Was the construction of the statute made by the Supreme Court of Arkansas in *McKennon v. May* binding upon the trial court? Counsel for appellants, relying upon the case of *Evans-Snider-Buel Co. v. McFadden,* 105 Fed. 293, 44 C. C. A. 494, 58 L. R. A. 900, which case was affirmed by the Supreme Court of the United States (185 U. S. 505, 22 Sup. Ct. 758, 46 L. Ed. 1012), contend in their brief that the trial court was not bound by the decision of the Supreme Court of Arkansas in the case of *McKennon v. May.* The facts in the case of *Evans-Snider-Buel Co. v. McFadden* were that in the months of April and May, 1896, one John R. Blocker executed to Evans-Snider-Buel Company two deeds of trust in the nature of mortgages, whereby he conveyed to the said Evans-Snider-Buel Company something like 6,000 head of cattle. At the time of the execution of the mortgage Blocker was a resident of the state of Texas, and the cattle were located in a pasture in the Creek Nation of the Indian Territory. Both deeds of trust were recorded in the office of the clerk of the United States Court for the Northern District of the Indian Territory a day or two after the execution of the same. At the time of the execution and filing of said mortgages sections 4742 and 4743 [sections 3053 and 3054], *supra,* were in force in the Indian Territory; but the act of Congress of February 3, 1897, amending section 4742, had not been enacted. On January 29, 1897, McFadden & Son brought suit in the United States Court for the Northern District of the Indian Territory upon a judgment theretofore recovered by them against Blocker in Jefferson county, Tex., and sued out a writ of attachment, and caused the cattle covered by the two mortgages of Evans-Snider-Buel Company to be attached. It was the contention of McFadden & Son in that case that under sections 4742 and 4743 [sections 3053, 3054], *supra,* said mortgages constituted no lien upon the property as against them, the attaching creditors, for the reason they were not filed in the county where the mortgagor resides at the time of the execution of the same. Evans-Snider-Buel Company contended that the act of Congress of February 3, 1897, which was enacted a few days before

the trial of the case in the trial court of the Northern District of the Indian Territory, cured the defects in the chapter on mortgages extended in force in the Indian Territory, and validated their mortgages. A careful examination of the decisions of the Circuit Court of Appeals and of the Supreme Court of the United States in this case will disclose that the question decided in both courts was whether or not the act of Congress of February 3, 1897, cured the defects of the mortgage laws extended in force in the Indian Territory and validated the mortgage of appellants. A careful examination of the decisions rendered by both courts will disclose that neither of them decided or attempted to decide, whether the courts of the Indian Territory were bound by the construction of the statutes put in force in the Indian Territory which had been given to said statutes by the Supreme Court of Arkansas prior to the extension in force of such laws in the Indian Territory. It appears that the Circuit Court of Appeals, in its opinion in the case, endeavored to prevent creating any such impression by using the following language:

"Learned counsel for the interpleader have argued at some length that the United States Courts in the Indian Territory were and are under no obligation to construe sections 4742 and 4743 of the chapter concerning mortgages as they were construed in *Main v. Alexander, supra,* because that decision is in conflict with other decisions of the Supreme Court of Arkansas on kindred questions, and because it has been discredited by judicial criticism in the state of Arkansas, and cannot be regarded as settling the true construction of the statute in controversy, even in the state where it originated. They also claim that the attachment writ only operated upon such interest in the cattle as the mortgagor had at the time the writ was levied, and that this interest was a mere equity of redemption; the mortgage being, in any event, good as against the mortgagor. Some other propositions are also advanced, all of which have been noticed; but, without expressing an opinion thereon, we prefer to rest our decision on the ground, heretofore stated, that the act of Congress operated to validate the interpleader's mortgage."

The question of what weight the United States Courts in the

Indian Territory should give to the construction of statutes (extended in force in the Indian Territory) by the Supreme Court of Arkansas prior to the extension of such statutes in force was presented directly to and passed upon by the Circuit Court of Appeals in the case of *Sanger v. Flow*, 48 Fed. 152, 1 C. C. A. 56. The Circuit Court of Appeals in that case held that in adopting the Arkansas statutes for the Indian Territory it would be presumed they were adopted with the construction and interpretation placed upon them by the Supreme Court of Arkansas prior to their adoption by Congress. In the case of *Appolos et al. v Brady et al.,* 49 Fed. 401, 1 C. C. A. 299, the Circuit Court of Appeals of the Eighth Circuit, without referring to *Sanger v. Flow*, announced the same rule as announced in that case, and that rule was followed and adopted by the United States Court of Appeals in the Indian Territory in the case of *Zufall v. United States,* 1 Ind. T. 639, 43 S. W. 760; and this rule of construction, while never passed upon so far as we know by the Supreme Court of the United States in any case arising in the Indian Territory, has been announced as the rule of that court in similar cases. *Henrietta Mining & Milling Co. v. Gardner,* 173, U. S. 123, 19 Sup. Ct. 327, 43 L. Ed. 637; *Edward M. Willis v. Eastern Trust & Banking Co.,* 169 U. S. 295, 18 Sup. Ct. 347, 42 L. Ed. 752.

The facts alleged in plaintiff's complaint do not constitute a cause of action against defendants, and the action of the court in sustaining defendant's demurrer and dismissing the cause was not error.

The facts in this case suggest this further question to this court: Since plaintiffs were nonresidents of the Indian Territory at the time of the execution of the mortgage to them, would the filing of their mortgage with the clerk of the United States Court at Ardmore, without recording same, be a sufficient compliance with said chapter on mortgages as amended by the act of Congress of February 3, 1897, to constitute a notice of the existence of such mortgage to all persons? This court has not undertaken to decide this question, for the reason that the same was not presented

in the brief of either of the parties to the action, and it does not appear from the record that this question was raised in the trial court, and whatever decision this court might reach upon the same could not change the judgment of this court.

It is therefore ordered that the judgment of the trial court be affirmed.

All the Justices concur.