# ENGLAND BROS. v. YOUNG *et al.*

No. 216.    Opinion Filed May· 10, 1910.

(110 Pac. 395.)

1.    **GARNISHMENT—Motion to Quash—Determination.** A writ of garnishment issued upon a transcript of a judgment from the United States commissioner's court at Vinita by virtue of section 2780, Ind. T. Ann. St. 1899 (section 4100, Mansf. Dig.), having been filed in the United States Court for the Northern District of the Indian Territory, a motion to quash such writ being filed under section 2103 (Mansf. Dig. sec. 2988; Gantt's Dig. sec. 2619), the district court as successor of such United States court could look alone to the record as certified by the United States commissioner, and, if on its face it showed a valid service, proper return, a valid judgment, such motion should have been summarily dismissed.

2.    **UNITED STATES COMMISSIONERS — Procedure—Pleading—Sufficiency.** Filing a complaint setting out a cause of action within the jurisdiction of the United States commissioner exercising the jurisdiction of a justice of the peace, referring therein to a written contract on which the action was founded, the same not being attached or filed therewith and a good or sufficient reason for not doing so not having been given, whilst irregular, was sufficient to confer jurisdiction upon said commissioner, authorizing him to issue summons in accordance with section 2716, Ind. T. Ann. St. 1899 (section 4036, Mansf. Dig.).

3.    **PROCESS—Evidence—Who May Serve—Judicial Notice.** Under the laws in force in the Indian Territory prior to the erection of the state, in an action on contract for the recovery of money only, the summons could be served by a person not a party to the action, who was of lawful age and not interested in its result, the return thereon to be sworn to before some officer authorized by law to administer oaths.

(a) It being set out in the complaint that the plaintiffs were a partnership composed of W. W. England and George England, and the return being sworn to before W. W. England as a notary public, it nowhere appearing in the record of the proceedings before the United States commissioner that W. W. England, a party plaintiff, and W. W. England, the notary public, were one and the same, the lower court in passing upon the motion to quash, would not take judicial notice, in the event that they were one and the same, of such fact.

(b) In this proceeding the district court could look to the

record alone as certified from the United States commissioner's court.

4. **LIMITATION OF ACTIONS**—Judgments — Garnishment. The filing of the transcript by virtue of section 2780, Ind. T. Ann. St. 1899 (section 4100, Mansf. Dig.), in the United States Court for the Northern District of the Indian Territory at Vinita, took effect from the day of its filing, and was governed by the same limitations that judgments of the United States court were, to wit, the period of 10 years.

(a) The writ of garnishment on such transcript, having been sued out within such period, was in proper time.

(Syllabus by the Court.)

*Error from District Court, Craig County; T. L. Brown, Judge.*

Action by W. W. England and another, doing business as England Bros., against J. W. Young and others. From an order quashing writ of garnishment, plaintiffs bring error. Reversed and remanded.

See, also, 25 Okla. 876, 105 Pac. 654.

*George E. McCullough* and *D. H. Wilson,* for plaintiffs in error.—Citing: *Webster v. Daniel,* 47 Ark. 131; *Dorente v. Sullivan,* 7 Cal. 279; *Oswald v. Kampman,* 28 Fed. 36; *Cloates v. Walls,* 28 Ark. 244; *Randall v. Lee & Randall,* 68 Mo. App. 561; *Jacks v. Nelson,* 34 Ark. 531; *Fauble v. Stewart,* 35 Iowa, 379; *Buzzard v. Hampton,* 61 Mo. App. 464; *Witting v. Railroad Co.,* 101 Mo. 631; *Wilcox v. Railroad Co.* (Mich.) 5 N. W. 1003; 24 Cyc. 558; *Burr v. Engles,* 24 Ark. 283.

*George B. Denison* and *William P. Thompson,* for defendants in error.—Citing: *Hicks v. Brown,* 38 Ark. 469; *Insurance Co. v. Foster,* 56 Mo. App. 197; *Peddicord v. Railroad Co.,* 85 Mo. 162; *Ex parte Anthony,* 5 Ark. 359; *Pendleton v. Fowler,* 6 Ark. 41; *Latham v. Jones,* 6 Ark. 371; *Keath v. Berkley,* 7 Ark. 469; *Everett v. Clements,* 9 Ark. 479; *Trammell v. Anderson,* 52 Ark. 176.

WILLIAMS, J. The plaintiffs in error, as plaintiffs, filed their complaint on September 27, 1899, before Harry E. Don Carlos, United States commissioner at Vinita within the Northern

District of the Indian Territory. The body of the complaint was in words and figures as follows:

"Plaintiffs, W. W. England and George England, a partnership doing business at Afton, I. T., as England Bros., complain of the defendants and allege that the defendants are indebted unto them upon a contract in the nature of a promissory note in the sum of $197.25, with interest at ten per cent. That the material part of said contract or promissory note is as follows: '$197.25. March 25, 1895. On or before Sept. 1, next, we promise to pay to England Bros. $197.25, with interest at ten per cent., after maturity, for value received. [Signed] J. W. Young, James L. Young.' That said note is long past due and unpaid, although frequent demand has been made for the same. Wherefore, plaintiffs pray judgment against defendants for $197.25, with interest at 10 per cent. from the 1st day of September, 1895, and for costs."

Prior to the rendering of the judgment on default, a contract dated March 25, 1895, providing for the payment of $197.25 on or before September 1st thereafter by the defendants to the plaintiffs for certain flaxseed, was filed, and on the face of said contract it is indorsed as follows:

"Canceled by judgment, October 9, 1899. Harry E. Don Carlos, United States Commissioner."

On September 27, 1899, summons was issued returnable October 9, 1899. On the return day the summons was returned showing service as follows:

"Indian Territory, Northern District. Personally appeared before me R. A. Swillgood, who, being duly sworn, deposes, and says that he has served a copy of the within summons upon each of the defendants named therein, to wit: J. W. Young and James L. Young, at and near their farm, in the Northern District of the Indian Territory, on the 28th day of September, 1899. Deponent further says that he is of lawful age and is not interested in the result of this suit. [Signed] W. W. England, Notary Public. [Seal.] My Com. expires 8-2-1903."

On October 9, 1899, judgment was rendered on default against the defendants in favor of the plaintiffs in the sum of $197.25 and costs, etc., and on the 23rd of July, A. D. 1902, exe-

cution issued thereon returnable August 23, 1903; the same being returned *"nulla bona."* On September 10, 1903, a transcript of the judgment and proceedings in the commissioner's court having been filed in the United States Court for the Northern District of the Indian Territory at Vinita, on the 5th day of October, A. D. 1907, writs of garnishment issued out of said court on said judgment against Frank Gaines, Henry Gaines, and Gaines Bros., commanding them to appear in said court on or before the 6th day of January, 1908, and answer what goods, chattels, moneys, or effects they or either of them had in their hands or possession belonging to the defendants J. W. and James L. Young to satisfy said judgment and such further interrogatories, etc. On the 20th day of December, 1907, the plaintiffs filed in said court their allegations and interrogatories, and on the 7th day of January, A. D. 1908, said garnishees answered, admitting having the sum of $592.30 in cash, etc., together with other funds in their possession belonging to said defendants. On the 24th day of March, A. D. 1908, said garnishees were ordered by the court to pay said funds into its registry. On the 16th day of March, A. D. 1908, the defendants appeared specially, and moved to quash said writs of garnishment.

1. The motion to quash in this case appears to have been made by virtue of section 2103 (Mansf. Dig. § 2988; Gantt's Dig. § 2619) Ind. T. St. 1899. In the case of *Ryan & Co. v. Boyd,* 33 Ark. 778, the court said:

"There is little doubt but, if the judgment in this case had been originally rendered in the circuit court, appellee might have effectually resorted to this statutory provision, and had the execution stayed and finally quashed by the lower court. But the judgment, it is shown, was rendered in a magistrate's court, and the execution under the provisions of the statute issued out of the circuit court on the filing of the copy of the judgment of the justice, and his certificate that an execution had been issued by him and returned *nulla bona.* Had the appellee undertaken to rely on the provisions of section 2619, etc., the circuit court could have looked alone to the record presented to it, which could only have been the certified copy of the judgment, etc., and, as this on its face

showed a valid service and a valid judgment, it is evident that the circuit court would have summarily dismissed the petition at the hearing."

This case was decided by the Supreme Court of Arkansas at its November term in 1878, and seems to control in the determination of the case at bar. *National Live Stock Com. Co. v. Taliaferro,* 20 Okla. 177, 93 Pac. 983; *C. O. & G. R. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271; *Moore v. Richard C. Adams, Trustee, et al., infra,* 108 Pac. 392. It follows that the district court could look alone to the record presented in the motion to quash, which could only have been the certified copy of the judgment, etc., from the commissioner's court. If, on its face, it showed a valid service and return, and a valid judgment, the motion should have been summarily dismissed.

2. Section 2716 (Mansf. Dig. § 4036) Ind. T. St. 1899, provides:

"Ordinary actions shall be commenced by summons, but before the summons is issued the plaintiff shall file with the Justice the account, or the written contract, or a short written statement of the facts on which the action is founded."

Section 2731 (Mansf. Dig. § 4051) Ind. T. St. 1899, provides:

"The original or a copy of all written instruments upon which a cause of action or set-off is founded shall be filed with the claim founded thereon, or a sufficient reason given for not doing so."

By the filing of the complaint setting out a cause of action within the jurisdiction of a justice of the peace in accordance with the provisions of the laws of Arkansas extended in force in the Indian Territory by act of Congress of May 2, 1890 (chapter 182, 26 Stat. 81; chapter 41, Ind. T. St. 1899; chapter 91, Mansf. Dig.), the United States commissioner acquired jurisdiction and was authorized to issue summons thereon. If a sufficient reason is not given in such complaint for not filing the original or copy of any instrument upon which a cause of action is founded, on motion the plaintiff by order will be required to do so. The failure of the plaintiff in this respect would not defeat the jurisdiction of the

court.   The Arkansas decisions seem to harmonize with this construction of sections 2716 and 2731, *supra*.

3.   Section 3180 (Mansf. Dig. § 4975) Ind. T. St. 1899, provides that the summons may be served "by any person not a party to the action, in all actions arising on contract for the recovery of money only, whose affidavit indorsed thereon, shall be proof of the time and manner of service."   Section 2717 (Mansf. Dig. § 4037) provides that the summons issued by justices of the peace for provisional remedies and other process shall be directed to a constable, but may be served by any officer or person authorized by law to serve process.   Section 2720 (Mansf. Dig. § 4040) Ind. T. St. 1899, provides that "the service and return thereto of process shall be made in the same manner as in the circuit court, except that no service shall be made by publication other than is herein provided for, nor shall any return made by another than the sheriff, coroner or constable of the county be valid unless sworn to."   Section 2750 (Mansf. Dig. § 4070) Ind. T. St. 1899, provides:

"Judgment of dismissal for want of prosecution, or judgment by default, may be set aside by the justice at any time within ten days after being rendered, if the party applying therefor can show a satisfactory excuse for his default, and a meritorious cause of action or meritorious defense, whereupon a new day shall be fixed for trial and notice given to the opposite party; and any execution which may in the meantime have been issued shall be recalled in the same manner as in cases of appeal, and the cause shall proceed to trial as though no such judgment had been taken."

In this case the action was on contract for recovery of money only, and was served by a person, not a party to the action, who was of lawful age and not interested in its result and was sworn to before W. W. England, a notary public.   After such return was made, on default judgment was rendered.   If this was a defective return, the judgment is not void, though the return upon which it was rendered was irregular.   True, the style of the case, as set out in the case, is as follows:   "W. W. England and George England, partners, doing business as England Brothers, Plaintiffs, v.

J. W. Young and James L. Young, Defendants." But would there be any presumption that W. W. England, a member of the plaintiff firm, was the same W. W. England, the notary public? This question, under a similar statute, seems to have been passed on by the Supreme Court of California in the case of *Dorente v. Sullivan,* 7 Cal. 279, wherein the court said:

"It is contended that where service is made by any one other than an officer or his deputy, or a person appointed by the judge, the affidavit should show that the person serving the writ possesses the legal qualifications enumerated in the section; otherwise any incompetent person might make the service. Granting this proposition, the objection only goes to the formality of the return, which might be amended by the officer. If the return is defective, the defendant must appeal from the judgment. A mere irregularity of service is not sufficient to enable him to attack a judgment collaterally. This view of the case would be a sufficient answer to the second assignment of error, viz., that the affidavit of service was made before a party to the action. But it may be further remarked that it nowhere appears in the record that E. W. Smith, the guardian *ad litem* of the plaintiff; and E. W. Smith, the justice before whom the affidavit was made, are one and the same ,and we would hardly be expected to take judicial notice of that fact."

As was said in the California case, it nowhere appears in the transcript or certified record from the United States commissioner's court that W. W. England, one of the parties plaintiff in error and W. W. England, the notary public, before whom the affidavit as to the service was made, are one and the same, and we would hardly be expected to take judicial knowledge of that fact, and in this proceeding we are not permitted to look outside of the record. It necessarily follows, as the United States commissioner had jurisdiction to issue the summons and the same was returned in due form as served, supported by affidavit in due form, that the judgment is regular on its face and the motion to quash should not have been sustained. Besides, if there was a meritorious defense, within 10 days the defendants were permitted by section 2750

*supra*, to apply to have set aside such judgment rendered on default.

4. Was said judgment barred by the statute of limitations? In the case of *Burr v. Engles,* 24 Ark. 283, decided at the December term, 1866, the court said:

"The filing of the transcript, we have no doubt, was intended by the Legislature to be in the nature of a judgment of a circuit court, and took effect from the day of its filing, and was governed by the same limitation that judgments of the circuit court would be governed by, and that consequently being filed on the 24th day of February, 1860, and the execution being issued on the 24th day of May, 1866, 10 years had not elapsed since it became a judgment lien on the real estate of the petitioner. Section 19, c. 64, Dig. Ark. and *Hanly v. Carneal,* 14 Ark. 524. We are of the opinion that the circuit court erred in quashing the executions, and the judgment must be reversed."

This case, so far as it applies to the questions here involved, also controls.

It is further insisted that the certified copy of the transcript filed in the United States court from the commissioner's court was not identical with the record of said commissioner. A complete copy of the commissioner's record was contained in said transcript, and the fact that in making out such transcript the commissioner added to the certified copy the dates on which the execution on the judgment had been issued by the commissioner and returned by the officer *"nulla bona"* is immaterial, and not ground for quashing an execution or writ of garnishment. The contention that no execution was issued and returned *"nulla bona"* prior to the filing of the transcript in the United States court seems not to be well founded. *Jordan v. Bradshaw et al.,* 17 Ark. 106, 65 Am. Dec. 419. There is no contention that the defendants in error were not actually served with the summons before judgment was rendered on default in the United States commissioner's court. If said judgment was rendered without any service on said defendants in error, they still have their remedy under proper allegations by a direct proceeding to have said judgment canceled or

set aside. In this opinion, we have assumed, without deciding, that section 2103, Ind. T. St. 1899 (section 2988, Mansf. Dig.), applies. Both parties hereto have briefed the case upon that hypothesis.

The order of the lower court in quashing the writs of garnishment is hereby reversed and this cause remanded, with instructions to overrule the same.

All the Justices concur.