## BUHLER v. HYSELL.

No. 2326.    Opinion Filed January 21, 1913.

Rehearing Denied May 13, 1913.

(132 Pac. 140.)

1. TAXATION—Delinquent Tax Sale—Notice—Sufficiency of Publication. A sale of land for delinquent taxes was made November 16, 1903. The notice of sale was published October 24th and 31st and November 7th preceding the sale. Held, that there was a sufficient compliance with section 6021, Wilson's Rev. & Ann. St. 1903, which required the notice of sale to be published "once a week for three consecutive weeks, commencing after the third Monday in October preceding the sale, * * *". and that the failure to publish the notice on the 14th of November did not render the sale void.

2. SAME—Resale—Notice—Sufficiency of Publication. Where land had been sold for delinquent taxes and, for want of other bidders, bid in by the treasurer for the county, and resold after waiting the statutory time, section 6033 of Wilson's Rev. & Ann. St. 1903, which provided that "the treasurer shall give notice of the sale of such real estate by the publication thereof once a week for four consecutive weeks preceding the sale, * * *" was sufficiently complied with by the publication of the notice for four consecutive weeks, the first publication being April 27,

1907, the last being May 18, 1907, where the resale took place May 27, 1907.

3. **SAME—Erroneous Tax Deed—Cure by Second Deed.** Where a deed to land, which was sold for taxes and bought in for the county by the county treasurer, and resold after waiting the statutory period, showed that at the first sale each parcel was sold separately and showed the price each parcel brought, but did not show affirmatively that each parcel was sold separately at the second sale, the defect, if any, was cured by another deed, executed by the treasurer before proceedings begun to set aside the second sale, which recited that the parcels were sold separately at the second sale.

4. **ESSENTIALS OF TAX DEED.** The question as to whether, where separate parcels of land are sold separately and bought in for the county and then resold, the deed must show that the parcels were resold separately is not decided.

5. **ACKNOWLEDGMENT—Notary—Presumption.** The fact that an acknowledgment to a deed was certified to by a notary of the same name as the attorney appearing for the party claiming under the deed raises no presumption that the notary and the attorney were the same person.

(Syllabus by Rosser, C.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by J. J. Buhler against S. E. Hysell. Judgment for defendant, and plaintiff brings error. Affirmed.

*H. A. Johnson,* for plaintiff in error.
*Devereux & Hildreth,* for defendant in error.

Opinion by ROSSER, C. This was an action by J. J. Buhler against Mrs. S. E. Hysell to recover certain lots in Orlando. The plaintiff, Buhler, was the owner of the lots in controversy in this action, and failed to pay the taxes thereon. On the 16th day of November, 1903, the lands were offered for sale by the county treasurer, and, no one bidding on the lots, they were bid in by him for Logan county. After retaining the certificates for three years, as provided by law, the treasurer again offered the lots for sale on the 27th day of May, 1907, and sold them to the defendant and executed a deed to her. She obtained possession, and this suit was brought to recover the

possession. The defendant relies upon the tax deed and an amended or corrected tax deed.

Plaintiff contends that both the original sale, when the property was bid in by the county, and the resale, when the property was bought by the defendant, were invalid because no legal notice of sale was given. The notice of the original sale was published three times. The first publication was October 24, 1903, the last one was November 7, 1903. The sale took place November 16, 1903. The statute in force at the time of the sale (Wilson's Rev. & Ann. St. sec. 6021) required the notice to be published "once a week for three consecutive weeks, commencing after the third Monday in October preceding the sale. * * * " The notice of resale was first published April 27, 1907; the fourth and last publication was made May 18, 1907. The resale took place May 27, 1907. The statute (Wilson's Rev. & Ann. St. sec. 6033) provided that "the treasurer shall give notice of the sale of such real estate by the publication thereof once a week for four consecutive weeks preceding the sale. * * * "

No authorities are cited holding such publications are not good. The notices had been published for the length of time required by the statute. The fact that they were not published again only a couple of days before the sale would not invalidate the sale. The case of *Cadman v. Smith,* 15 Okla. 633, 85 Pac. 346, cited by plaintiff to sustain the position that the publication was invalid, is not in point. In that case the statute required the publication once a week for three consecutive weeks, and it was held that it meant 21 days before the sale, and that where less time than 21 days elapsed after the first publication before the sale the sale was void. In the present case sufficient time had elapsed, and the only question is whether the publication should have been made immediately before the sale. The exact point was decided in *Watkins v. Inge,* 24 Kan. 612. It was there held that the publication was not required to be continuous up to the day of sale.

It is urged that the deed is void on its face for the reason that it shows that the five lots were sold jointly and not separately. There were two deeds offered in evidence. The first one shows clearly that at the time of the first sale, when the county became the purchaser, the lots were sold separately, and the amount each one brought is stated separately. It does not clearly appear from the first deed that the lots were separately offered for sale at the resale when the defendant became the purchaser.

But the first deed does not show that the lots were not sold separately at the second sale. The second deed recites that it was given to correct the first, and it shows that at the resale also the lots were sold separately, and the price each one brought is given. This deed cured the errors in the first one, if there were any.

In *O'Keefe v. Dillenbeck*, 15 Okla. 437, 83 Pac. 540, the court said:

"And we think there is another and conclusive reason why the decision of the district court was right; that is, that there is nothing upon the face of the second deed to show that it is invalid, and no evidence has been introduced to show that it is not in every way legal, and, in fact, no attack has ever been made upon it. And in the case of *Finley v. Brown*, 22 Iowa, 538, it was held proper to take in evidence two tax deeds for the same land, one of which was executed to cure an informality of the other. Now if this doctrine is correct, then we can see no reason why the title of the defendant in error was not complete by virtue of his second deed. This second deed was made, signed, and acknowledged by the county treasurer, in his official capacity, on a certificate of purchase of the date of the 18th of November, 1895, for the taxes and assessments of the year 1894, and was executed on the 21st day of May, 1902, and regularly acknowledged on the 28th day of May of the same year, before a notary public. The time of redemption by the plaintiff in error would expire on the 18th day of November, 1897, which was four years and over prior to the execution of this deed, and we are unable to see why this deed in its recitals, its execution and acknowledgment, does not convey the legal

title to the defendant in error,. and why it does not fully sustain the judgment and decision of the district court."

Plaintiff states in his brief that the second deed was not executed until after this suit was brought. It is dated nearly a year before the bringing of this suit, and no evidence was ·offered to show that it was not dated as of its true date. The second deed is also attacked upon the . ground that it was acknowledged before the attorney for the defendant. The record shows that the acknowledgment was taken before H. M. Adams, but it is not proven that he was the same person as the attorney for the defendant, and there is no presumption that the notary and the attorney were the same person. *England Bros. v. Young,* 26 Okla. 494, 110 Pac. 895. The acknowledgment was taken almost a year before the suit was brought, and if it had been proven that the attorney and notary were the same person, there would be no presumption that the relationship of attorney existed so long .before the beginning of the suit.

No error appearing, the judgment should be affirmed.

By the Court: It is so ordered.