CHAPMAN *v.* WEST, impleaded, &c.

The plaintiff, in an action for the specific performance of a contract for the conveyance of land cannot bring in prior mortgagees of the premises and of other land for the purpose of establishing his equities in respect to the order of sale upon a future foreclosure, or of securing the application of the purchase money to be paid by him to the satisfaction of the mortgages.

The filing of notice of the pendency of an action against the vendor alone charges a subsequent purchaser of any part of the mortgaged premises with notice of all equities of the plaintiff, arising out of his right to a conveyance, in respect to the order of sale upon foreclosure or otherwise.

APPEAL from the Supreme Court. Action for a specific performance of a contract for the sale of land. The complaint sets forth a contract between the defendant Draper and the plaintiff, by which Draper agreed to sell to the plaintiff certain premises upon certain terms; that the plaintiff has offered to perform on his part, and requested per-

formance by Draper; that at the time of the agreement there were two mortgages on the premises agreed to be sold, with others, which it was the duty of Draper by the agreement to remove; that the premises covered by the mortgages, excepting therefrom those embraced in the agreement, greatly exceed in value the amount of the mortgages, and if sold in parcels would pay the mortgages and interest and expenses; that the legal title to the whole of the premises is still in Draper, and that the mortgages are owned by the mortgagees, West, and the Society of the New-York Hospital, who are also defendants in the action; and a breach of the agreement by Draper is alleged. It is then prayed that Draper may be adjudged to execute a conveyance to the plaintiff; that the money to be paid by the plaintiff, and the bond and mortgage to be executed by him may be brought into court, and may be delivered and paid to Draper on the other mortgages being removed. It is further prayed that the mortgagees may be enjoined from selling the premises in the agreement, upon the foreclosure of the two mortgages, unless it shall be found that the proceeds of the other parts of the mortgaged premises are insufficient to satisfy the two mortgages, with interest and costs; and that the plaintiff may have such further and other relief in the premises as he is entitled to.

The defendant West demurred to the complaint, specifying as the ground of demurrer that the complaint does not state facts sufficient to constitute a cause of action against the defendant. Judgment was rendered against the plaintiff on the demurrer, at a special term in New-York, before Justice ROOSEVELT, which was affirmed, upon appeal, by the court at the general term in the first district. The plaintiff appealed to this court.

*E. W. Chester*, for the appellant.

*Charles H. Glover*, for the respondent.

STRONG, J. The appellant was clearly entitled, when he commenced the action, to a judgment for a specific performance of the contract with Draper. If a conveyance to him had been executed at that time, he would have acquired by it, as an incident, the equitable right to require the mortgagees in the two mortgages on those premises, with others, to seek satisfaction, upon a foreclosure, by a sale in the first instance of that portion of the mortgaged premises still owned by Draper, after the conveyance to the appellant. It is a familiar principle of equity that when mortgaged premises are sold, subsequent to the mortgage, to different purchasers in parcels, the parcels, on foreclosure, are to be sold in the inverse order of their alienation, according to the equities of the respective purchasers in regard to the payment of the mortgage. (*Stuyvesant* v. *Hall*, 2 *Barb. Ch. R.*, 151; *Guion* v. *Knapp*, 6 *Paige*, 35; *Howard Ins. Co.* v. *Halsey*, 4 *Seld.*, 271.) When sufficient is realized by the sale of one or more parcels to pay the mortgage debt and costs, the remaining parcels are of course discharged of the lien.

It is supposed by the counsel for the appellant that it was necessary, in order to secure to the appellant this equitable right, to make the mortgagees parties defendants to the action. The argument is, that Draper might, before the appellant could compel the execution by him of a deed of the premises embraced in the contract, and put it on record, sell the residue of the mortgaged premises to a *bona fide* purchaser, who would have priority over him in respect to the order of sale of the premises on the foreclosure of the mortgages; that the filing of a notice of *lis pendens*, if the action was against Draper alone, would not be notice to subsequent purchasers of that part of the premises not embraced in the contract; and that to make it notice to them, the mortgagees must also be defendants. This argument is radically erroneous in the view taken by it of the operation of the notice of *lis pendens*, in case Draper was the sole defendant. The notice in that case would be notice

to a purchaser, *pendente lite*, of any portion of the mortgaged premises, precisely as the record of a deed from Draper to the appellant of the parcel contracted to him would be notice of the conveyance. It would be as much the duty of the purchaser, in investigating the title of a parcel he was about to purchase, to look for a notice of *lis pendens* in a litigation involving another parcel covered by the mortgage, as to look for the record of a deed of the latter parcel. The action would involve the right of priority in the sale of the parcels on a foreclosure of the mortgages, as an incident to the conveyance, and thus the case would be within the established rule, that the filing of a notice of *lis pendens* is notice of the action, and of the rights of the plaintiff set forth therein, to all purchasers of any part of the subject of the litigation pending the action. (*Parks* v. *Jackson*, 11 *Wend.*, 442, *and cases there cited; Stuyvesant* v. *Hall*, 2 *Barb. Ch. R.*, 160.) Uniting the mortgagees in the action with Draper as defendants, makes no difference in regard to the operation of the notice filed. They had not the legal title to the premises mortgaged, and could not convey them ; and subsequent purchasers from Draper would not be bound to look for, or be chargeable with notices of *lis pendens* against the mortgagees. The filing of such notices against Draper only would be notice to such purchasers, whether the mortgagees were or were not joined with him in the action. The only notice required to secure to the appellant all his equitable rights would be that the appellant had made the contract with Draper and was entitled to a deed under it. It would not be necessary to give notice of any of the matters in the complaint in this action, not essential to the action as between the appellant and Draper. Notice of that matter would be notice of all the rights arising from it. It is obvious, therefore, that there was no necessity for the protection of the equitable right of the appellant to make, or any propriety in making, the mortgagees defendants.

It is further claimed by the appellant's counsel, in connec-

tion with the position above considered, that the rights of the mortgagees in regard to the order of sale of the different portions of the premises mortgaged rendered them necessary parties; and also that they had an interest in the application of the moneys to be paid by the appellant, in view of which they might properly be brought into court. Aside from the prayer of an injunction against a sale by the mortgagees of the portion of the premises embraced by the contract, unless the proceeds of sales of the rest of the mortgaged premises on foreclosure should be insufficient to satisfy the mortgages and costs, it is not easy to see what interest they have in the action or what answer they could make to the complaint. They have no interest in the question of the making of the contract, and the right of the appellant under it to a conveyance; they could allege nothing against a conveyance, because the duty might be imposed upon them of selling the mortgaged premises in parcels. If, when they come to foreclose their mortgages, it shall be of any moment to them whether the premises be sold in parcels or otherwise, then, and not until then, will be the proper time to raise the question as to the order of sale. Their mortgages, and that they are liens upon the whole premises, are admitted; there is not in the complaint any ground for controversy as to the amount due on the mortgages; and no relief is prayed, interfering in any manner with their interests, or any asked against them ; nor is there any foundation laid for any judgment against them.

[The learned judge, after quoting the language of Lord COTTENHAM, in *Tasker* v. *Small* (3 *Myl. & Craig*, 63), and citing *Mole* v. *Smith* (*Jacob*, 490, 494); *Wood* v. *White* (4 *Myl. & Craig*, 460); *Robertson* v. *The Great Railway Company* (10 *Simons*, 314); 1 *Dan. Ch. Pr.*, 442, proceeded:]

There is no ground for the injunction asked against the mortgagees. The order of sale of premises owned by different persons in parcels is to be determined in reference to the equities when the sale is ordered. It cannot be deter-

mined before, as it cannot be known what equities may arise before the order for sale. Nor can the mortgagees properly be called into court to litigate a question which may arise, but has not actually arisen. In *Pelham* v. *Gregory* (1 *Eden*, 520), Lord NORTHINGTON said he " had no apprehension that any person could have a right to call another into the court to make him contest here by anticipation, a future legal right; and that he had as little conception that the court, when such a right was brought there, had any jurisdiction to take cognizance of it." There is no difference in principle, in this respect, between a legal and equitable right.

JOHNSON, Ch. J. The point in this case is so well considered and so clearly settled in *Tasker* v. *Small* (3 *Myl. & Craig*, 63) that it will be only necessary for me, in disposing of this case, to repeat a part of Lord COTTENHAM's judgment: " Generally, to a bill for a specific performance of a contract of sale, the parties to the contract are the only proper parties; and when the ground of the jurisdiction of courts of equity in suits of that kind is considered, it could not properly be otherwise. The court assumes jurisdiction in such cases because a court of law, giving damages only for the nonperformance of a contract, in many cases does not afford an adequate remedy; but in equity as well as in law, the contract constitutes the right and regulates the liabilities of the parties, and the object of both proceedings is to place the party complaining as nearly as possible in the same situation as the defendant had agreed that he should be placed in. It is obvious that persons, strangers to the contract, and therefore neither entitled to the rights nor subject to the liabilities which arise out of it, are as much strangers to a proceeding to enforce the execution of it as they are to a proceeding to recover damages for the breach of it." He then proceeds to consider whether a prior mortgagee stands in such a relation to the property that he can be made a party by the pur-

chaser of the equity of redemption, and holds that until the purchase is actually completed the party to the agreement could not even maintain a bill to redeem the prior mortgage, which would be the extent of his right upon the completed execution of the contract by a conveyance of the equity of redemption. And he adds: "The prior mortgagee has no interest in the specific performance of the contract; he is no party to it, and the performance of it cannot affect his security or interfere with his remedies."

These principles and consequences are plain and familiar, and they are quite irreconcilable with the relief which the appellant seeks. The judgment should be affirmed.

All the judges concurring,

Judgment affirmed.