## HOLLAND v. COFIELD.

No. 630.    Opinion Filed November 16, 1910.

1.  LIS PENDENS—Actions to Enforce Vendor's Lien. The word, "title," in section 4285, Wilson's Rev. & Ann. St. 1903 (sec. 5621, Comp. Laws 1909), is to be construed in its broadest meaning and most comprehensive signification.

(a).  An action or claim to enforce a vendor's lien comes within its meaning.

2.  SAME—Unrecorded Deed—Priority. Under section 13, art. 1, ch. 21. Laws Okla. 1893, a lis pendens vendor's lien claim is superior, with certain exceptions, to the claim of a grantee in a deed which was unrecorded at the time of the filing of the lis pendens petition, but which was filed for record prior to the time of the reducing said vendor's lien claim to final judgment; said subsequent recording not having such retroactive effect as to overcome the superior lien theretofore obtained by the filing of the lis pendens vendor's lien claim.

(Syllabus by the Court.)

*Error from District Court, Logan County; A. H. Huston, Judge.*

Action by Carrie Cofield against Mamie E. Holland. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*H. M. Adams,* for plaintiff in error.—Citing: Bennett on Lis Pendens, secs. 20, 21, 342, 333, 297, 299, 302, 19, 254, 224, 225, 212, 217; *McCormick v. Bonfils,* 9 Okla. 605; *Atherton v. Lewis,* 5 Okla. 90; *McFadden v. Worthington,* 45 Ill. 362; *Massey v. Westcott,* 40 Ill. 160; *Holliday v. Bank,* 16 Ohio, 534; Story, Eq. Juris., sec. 405; *Hoyt v. Jones,* 31 Wis. 389; *Norton v. Birge,* 35 Conn. 250.

*Devereux & Hildreth* and *Charles A. Blair,* for defendant in error.—Citing: *Bartlett v. Bartlett,* 18 Mont. 446; *Warnock v. Harrow,* 96 Cal. 298; *West Missabe Land Co. v. Berg,* 92 Minn. 2; *Kohn v. Lapham,* 13 S. D. 78.

WILLIAMS, J. Section 4285, Wilson's Rev. & Ann. St. 1903 (sec. 5621, Comp. Laws 1909), provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition."

This section was borrowed from Kansas (Comp. Laws of Kansas 1879, sec. 3608, sec. 81, Code of Civil Procedure.) In *Smith v. Kimball*, 36 Kan. 474, said section was construed by the Supreme Court of that state, wherein it was said:

" * * * We give the word 'title' in the section its broadest meaning and most comprehensive signification. Judge Story's definition is: 'A purchase made of property actually in litigation, *pendente lite*, for a valuable consideration, and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice; and he will accordingly be bound by the judgment or decree in the suit.' (1 Eq. Jur., sec. 405.) Among the actions to which this doctrine will apply are suits for the foreclosure of unrecorded mortgages (*Chapman v. West*, 17 N. Y. 125; *Center v. Bank*, 22 Ala. 743; *McCutchen v. Miller*, 31 Miss. 65) ; to foreclose vendors' liens; to set aside a decree of partition; to enforce the specific performance of a contract for the sale of real estate; to enforce a charge against real property whatever be the form of the action (*Seabrook v. Brady*, 47 Ga. 65.) Actions in the nature of creditors' bills have been considered as giving notice to subsequent purchasers of the particular property involved in the controversy. (*Jackson v. Stone*, 13 Johns. 147; *Bradley v. McDaniel*, 3 Jones, 128; *Fogerty v. Sparks*, 22 Cal. 143; *Bolin v. Connelly*, 73 Pa. St. 336; *Hill v. Oliphant*, 41 *id.* 364; and see generally on this subject, Wade on the Law of Notice, sec. 342, and authorities cited.)"

Under this decision, which seems to be binding upon this court (*Farmers State Bank v. Stephenson et al.*, 23 Okla. 695, 102 Pac. 992), the plaintiff's vendor's lien claim comes within the terms of said section. But the question further arises as to whether the defendant, having acquired the interest in the land by virtue of the deed, which was unrecorded at the time of the filing of the *lis pendens* petition, by recording same prior to the time that the vendor's lien claim was reduced to judgment, acquired a superior

interest in the subject matter of said land against the plaintiff. This question seems to have been settled by the Supreme Court of Kansas in favor of the contention of plaintiff in error in *Smith v. Worster et al.*, 59 Kan. 640, wherein the following excerpt is quoted from 13 Am. & Eng. Ency. of Law, 907 (1st Ed.) with approval:

"The holder of an unrecorded deed at the time a suit is commenced and *lis pendens* comes in force must be placed in the category of a *pendente lite* purchaser. This is specially true where the recording laws declare that the instrument shall be effective as against purchasers and creditors from and after the filing for record or recording. As between the parties to the instrument it is valid without reference to its record; but under such statutes the instrument does not become effective as against purchasers and creditors until it is recorded. So, if prior to such record a suit is commenced involving the property, the *lis pendens* would take precedence of the rights of a grantee under an unrecorded deed or mortgage, and such grantee or mortgagee could have no better right than if the instrument had actually been made after the *lis pendens* had come in force, for the recording, as in favor of such persons, is one of the essentials to its validity. This is not an exception to the rule of *lis pendens,* but an application of the rule itself."

Had the holder of the unrecorded deed gone into and remained in the actual possession of said lot up to the time of the filing of the *lis pendens* notice, that would have caused a different conclusion herein to be reached.

In *Edwards et al. v. Montgomery et al.*, 26 Okla. 862, it is held:

"In the absence of any record title, where a grantee to a tract of land enters into the open, actual and exclusive possession thereof, the same is sufficient to put a subsequent mortgagee of the grantor on inquiry as to his rights therein, and he takes his mortgage subject thereto."

Further, had the plaintiff, at the time she filed her *lis pendens* notice, had actual notice of the unrecorded deed of the defendant, likewise a different conclusion would be herein reached; for it could not then be said that plaintiff was a *subsequent bona fide* encumbrancer by mortgage, judgment *or otherwise*. The courts of Cali-

fornia, Minnesota, Montana, South Dakota, and other states have given similar provisions a strict construction, but we are bound by the construction of the Kansas court. True, *Smith v. Worster et al., supra,* was decided since the adoption of this section from that state, and is therefore only persuasive; but considering the binding force of *Smith v. Kimball, supra,* as to the construction of section 4285, *supra,* when you apply the same to said section 13, article 1, ch. 21, Okla. St. 1895, which reads as follows: "All deeds, conveyances or agreements in writing affecting the title to real estate, interests therein, and powers of attorney, for the conveyance of real estate or interest therein, only (duly) acknowledged or proven, may be recorded in the office of the county clerk, or the recorder of deeds, if the office of the recorder of deeds is separate from that of the county clerk, wherein such real estate is situated, and from and after the filing thereof, for record in such office, and not before, such deeds, conveyances and agreements shall take effect as to subsequent *bona fide* purchasers, and incumbrances by mortgages, judgment or otherwise."—the same conclusion as was by Judge Dester in *Smith v. Worster* will be reached.

See, also, *Lewis v. Atherton et al.,* 5 Okla. 90; *McCormick v. Bonfils,* 9 Okla. 605; *Eldridge v. Stenger et al.,* 19 Wash. 697, 54 Pac. 541; *Hoyt v. Jones,* 31 Wis. 389; *Ehle v. Brown,* 31 Wis. 405; *Collingwood v. Brown,* 106 N. C. 362, 10 S. E. 869; *Jackson & Sharp Co. v. Pearson,* 60 Fed. 113; 21 Am. & Eng. Ency. of Law (2nd Ed.), pp. 650, 651.

A *lis pendens* vendor's lien claim is an encumbrance under the term "or otherwise." As to whether it was *bona fide* depends upon whether the grantee in the unrecorded deed was in the actual possession thereunder of said lot or the plaintiff had actual knowledge of said unrecorded deed at the time of the filing of said *lis pendens* notice.

Said section 13, art. 1, ch. 21, Okla. St. 1893, was specifically repealed by .act of the Legislature of Oklahoma Territory on March 12, 1897, the title being, "An Act regulating the conveyance of real property and mortgages thereon and contracts relating

thereto, and repealing article 1, chapter 21, entitled 'Conveyances,' and chapter 32, entitled "Transfers,' of the Oklahoma Statutes of 1893, and other acts and parts of acts." (See Sess. Laws Okla. Ter. 1897, ch. 8, pp. 92-102.) But said section 13 being in force at the time said unrecorded deed was executed and the *lis pendens* notice was filed, and said unrecorded deed being afterwards recorded, but prior to final judgment, the rights of the parties are to be determined as the laws then existed, and not as the laws may now be in this state.

The judgment of the lower court is reversed and remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.