### JACKSON v. TURNER.

No. 11915—Opinion Filed Oct. 7, 1924.

Rehearing Denied Dec. 16, 1924.

(Syllabus.)

1. **Taxation—Invalidity of Tax Deed— Notice of Delinquent Tax Sale—Time.**
   A statute requiring the publication of a delinquent tax sale notice once a week for four consecutive weeks means 28 days, and a sale of real estate by a county treasurer for delinquent taxes, where notice of such sale has been given for a period less than 28 days prior to such sale, is void, and a tax deed to land so sold is void.

2. **Judgment—Res Judicata — Conclusiveness Against Third Parties—Title to Real Estate.**
   A plaintiff, claiming title to certain land through a tax deed, brought an action in ejectment and received judgment against a defendant who appeared of record to be the owner of the land subject only to the rights of the holder of the tax deed. This judgment is not res adjudicata as to a third party who was not made a party to such action and who had no actual knowledge thereof and who, in good faith for value, had purchased this land from such defendant before the issuance of such tax deed, although such third party did not cause his deed to be recorded until after judgment in such ejectment action had been rendered and although the said plaintiff did not have knowledge of such deed to the said third party until same was placed of record.

Error From District Court, Creek County; Mark L. Bozarth, Judge.

Action by D. J. Turner against L. B. Jackson. Judgment for plaintiff, and defendant brings error. Affirmed.

Thrift & Davenport, for plaintiff in error.

Joseph P. Rossiter and J. C. Wright, for defendant in error.

LYDICK, J. This is an action in ejectment originally brought in the district court of Creek county by D. J. Turner against L. B. Jackson and others to recover the possession of certain real estate then in the possession of L. B. Jackson, claiming title thereto through a deed to him by one J. L. Byrne, to whom a tax deed had been issued by the county treasurer of Creek county. Judgment was rendered in favor of the plaintiff, Turner, and the defendant, Jackson, appeals to this court. We will refer to the parties according to the position they occupied in the lower court.

This land had been sold for taxes and bid in by the county treasurer, and in the year 1914 again sold by the county under the provisions of section 7409, Revised Laws 1910. At that time section 7410, Revised Laws 1910, was in effect and controlled the method by which the county treasurer should give notice of such sale by publication. The tax deed upon its face shows that the first publication of this notice of sale was on March 6, 1914, and recited

that the sale thereof would take place on March 30, 1914. Under this statute the notice of sale must be made "by the publication thereof once a week for four consecutive weeks preceding the sale." This statute is mandatory, and the giving of the notice as required by the statute is essential to the jurisdiction of the county treasurer to make the sale. The tax deed upon its face shows that statutory notice was not given, and the deed is, therefore, void upon its face. See Buhler v. Hysell, 37 Okla. 392, 132 Pac. 140; Cadman v. Smith, 15 Okla. 633, 85 Pac. 346.

This land was a part of the allotment of Robert Holloway, a Creek freedman. On February 7, 1914, while the title of record in fact was in Robert Holloway, he executed and delivered a deed conveying the same to D. J. Turner, but the deed was not placed on record for a long time thereafter. Holloway remained in possession of the land. Thereafter, and on March 6, 1914, the county treasurer began the publication of the notice of sale of said lands for taxes, said sale to be had on March 30, 1914. At this sale of said lands the same were purchased by J. L. Byrne, and thereafter, and on April 3, 1914, the treasurer issued and delivered to Byrne his tax deed conveying said land. Four days later Byrne executed and delivered his quitclaim deed conveying his interest in said land to L. B. Jackson. In the following June, Jackson, finding Holloway still in possession of said land and the holder of the record title thereto, instituted an action in ejectment against Holloway, the Creek freedman, in the district court of Creek county, and on February 5, 1915, recovered judgment in the district court holding his tax deed valid and ejecting Holloway from this land. The deed given by Holloway to Turner for said land, dated February 7, 1914, had not yet been recorded. Jackson took possession of the land under his judgment against Holloway, and thereafter, and on January 7, 1916, Turner recorded the deed which he had received from Holloway, and shortly thereafter brought this action in ejectment against Jackson for the recovery of this land. Jackson set up in his answer the judgment he had recovered against Holloway and pleaded that the same was res adjudicata as against Turner and barred Turner from questioning the validity of his tax deed. The lower court held against Jackson's contention in this regard, and Jackson assigns that ruling as error here. Jackson obtained only such title as Byrne acquired through his tax deed, and the validity of the tax deed was in no wise affected by

the deed which Holloway had previously given to Turner. Byrne was in no manner prejudiced in the purchase of this land at the tax sale by the fact that Holloway had previously deeded the land to Turner, nor by the fact that the deed had been kept from the record and from the knowledge of Byrne. This is true, also, as to Jackson in acquiring from Byrne the interest which Byrne had, if any, by virtue of his tax deed. Neither Byrne nor Jackson is such an innocent purchaser for value as is protected by section 5251, Comp. Stat. 1921, in relation to the effect of the failure to record a deed. The statute does not give protection to one claiming through an independent chain of title and not through the grantor in the unrecorded deed. See Encyc. of Law, vol. 24, page 120; Long v. Dollarhide, 24 Cal. 218. Jackson obtained his judgment against Holloway in an action to which Turner was not a party, and so far as the record shows, Turner did not even know of the existence of the litigation. The judgment cannot be held to have adjudicated Turner's claims of title to this property. So the lower court held, and so do we.

It was charged by the defendant, Jackson, in the lower court that the deed from Holloway to Turner was not made in good faith and was made at a date subsequent to the rendition of the judgment against Holloway. The evidence was conflicting, but there is evidence in the record sufficient to show the good faith of the transaction by which Holloway deeded the land to Turner and that the deed was made on the date borne by the deed. This is an action at law, and the parties were entitled to a jury trial. They waived a jury and submitted the matter to the court, and the court found against the contentions of the defendant, Jackson, in this matter. The findings and judgment of the court are entitled to the same weight in such a case as is the verdict of a jury and cannot be set aside if there be found in the record sufficient evidence to make prima facie proof of every fact necessary to support the findings of the court. See section 20, art. 7, Constitution. We find such evidence in the record.

We, therefore, conclude that the district court committed no error in the proceedings or in the rendition of the judgment, and the judgment of the lower court is, therefore, affirmed.

McNEILL, C. J., and NICHOLSON, JOHNSON, WARREN, and GORDON, JJ., concur.