## LIND v. GOBLE.

No. 16378—Opinion Filed April 20; 1926.

**1. Vendor and Purchaser — Privity —Lis Pendens—Statutory Provisions.**

Ordinarily a grantee in a deed is not in privity with his grantor as to a judgment subsequently rendered affecting the grantor's title to the land conveyed, the deed having been executed prior to the commencement of the action, but under the provisions of Comp. Stat. 1921. secs. 260 and 5251, as construed by this court, and by the Kansas court prior to their adoption here, the holder of an unrecorded deed is a lis pendens purchaser and bound by a final judgment rendered against his grantor affecting the title to the specific property.

**2. Judgment—Error of Law—Res Adjudi-Cata—Estoppel—Title.**

Where the holder of a resale tax deed recovers judgment on the merits in an action of ejectment against the record owner of the land who is also in possession and such judgment becomes final, in a subsequent action of ejectment by the holder of a deed to the same land which was unrecorded when the prior action was commenced and when judgment was rendered, brought against the plaintiff in the prior action, said second action being based upon the invalidity of the resale tax deed adjudicated in the first action. the judgment establishing the validity of the resale tax deed, even though erroneous as a matter of law, and even though the resale tax deed be absolutely void, is res adjudicata and operates as an estoppel against the assertion of any rights under the unrecorded deed.

(Syllabus by Logdson, C.)

Commissioners' Opinion. Division No. 1.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Ward Goble against Francis M. Lind in ejectment and to quiet title. Judgment for plaintiff, and defendant brings error. Reversed.

This action was commenced by plaintiff filing in the district court his petition against the defendant in the usual form for actions of ejectment and to quiet title to real estate.

Defendant's answer consisted of a general denial and of special pleas of estoppel and res adjudicata.

Upon the trial of said case the same was submitted to the trial court upon an agreed statement of facts as follows:

"It is hereby stipulated by and between plaintiff and defendant that the introduction of evidence on behalf of the parties hereto be dispensed with and that the facts which such evidence would disclose and the exhibits of parties hereto are as hereinafter set forth and designated, and that the court may render its decision upon same without the formal introduction of evidence, which facts and exhibits are as follows, to wit:

"That plaintiff in case No. 46058 of this court, defendant in the above entitled cause, recovered judgment in ejectment and quiet title in that case against the there defendant, Homer S. Hurst, who was then the record owner of lots 17 and 18 in block 7, Irvington addition to Oklahoma City, Oklahoma, the there plaintiff claiming title under a resale tax deed. State Examiner & Inspectors Form No. 1455 B, all as shown by the here defendant's Exhibit 'A', her petition, Exhibit 'B', said Hurst's answer, Exhibit 'C', the there plaintiff's reply, Exhibit 'D', the journal entry of judgment in that case, and the resale tax deed attached to the there plaintiff's petition marked Exhibit 'A', which may be admitted by the court as evidence.

"That this plaintiff was not made a party to said first action, did not know of the pendency thereof, but had in his possession a deed from the there defendant, Homer S. Hurst, made, executed and delivered by said Hurst to Goble long prior to the institution of that suit and before the resale at which this defendant's resale tax deed was issued, which deed was not recorded by said Goble until after the rendition of the judgment in case No. 46058. That this defendant had no knowledge of the execution and existence of said unrecorded deed from Hurst to Goble until after the institution of this suit by Goble against defendant Lind. That said deed under which said Goble claims title, a copy of which marked Exhibit 'A' is attached to his petition, may be admitted as evidence marked 'Plaintiff's Exhibit 1.'

"That defendant Lind dispossessed defendant Hurst under the judgment rendered in said case 'No. 46058 and was in actual and exclusive possession of said real estate at the time this plaintiff instituted this action."

There was judgment for plaintiff, and after unsuccessful motion for new trial defendant has brought the case here by petition in error with case-made attached for review.

Twyford & Smith and Leo G. Mann, for plaintiff in error.

Ward Goble, for defendant in error.

Opinion by LOGSDON, C. Three propositions are presented and argued in the brief of defendant, as follows:

(1) In an ejectment or quiet title action judgment against the record owner who is also in possession is res adjudicata as against the world.

(2) The judgment of the trial court in case No. 46058. finding that plaintiff in error's tax deed was valid and rendering judgment in her favor is res adjudicata and cannot be collaterally attacked.

(3) That the tax deed, under the form prescribed by the State Examiner and Inspector, is valid on its face.

It is clearly evident that if either the first or second proposition is sound, or if both, considered together, comprehend correct legal principles, then the third proposition becomes wholly immaterial to a determination of this cause. That these two propositions are decisive is shown by the following excerpts from the briefs of the respective parties. In defendant's opening statement under the first proposition this language is used:

"The facts in this case are identical with those in the case of Jackson v. Turner, 107 Okla. 167, 231 Pac. 290, in which the holding of this court is contrary to the contentions here made on behalf of the plaintiff in error. In other words, plaintiff in error admits, in the beginning, that it will be necessary for this court to overrule and set aside the doctrines announced in the case of Jackson v. Turner, 107 Okla. 167, 231 Pac 290. * * * In effect, the case of Jackson v. Turner holds that it is impossible to render a judgment based upon a tax deed which will make a merchantable title."

Plaintiff opens his argument by referring to propositions 1 and 2, above quoted, and states:

"As to these propositions we are content to rely upon the opinion in the case of Jackson v. Turner, 107 Okla. 167, 231 Pac. 290, the syllabus and portions of the opinion being set out in the brief of plaintiff in error. * * * It is our contention that where a tax deed is attached to a petition as a ground of relief in an action to determine the title to real estate, the judgment based upon such petition is void if the tax deed itself is void."

In the journal entry of judgment this language was used by the trial court in the instant case:

"This court, with reluctance, follows the decision of Jackson v. Turner, believing that

a correct interpretation of the law and decisions should be otherwise as a matter of public policy, to the end that real estate titles may be definitely established by the decision of a court of competent jurisdiction."

The contention stated in the language of plaintiff, above quoted, will be first considered, since his position is in support of the trial court's judgment.

Does the failure of a petition to state a cause of action, all essential elements of jurisdiction being present and shown by the judgment roll. oust the court of jurisdiction so as to render its judgment. thereafter entered on the merits and not appealed from, void?

The general rule unquestionably is that if the allegations of a petition are sufficient to invoke judicial action by a court of competent jurisdiction, even though insufficient to state a legal cause of action, a judgment thereafter entered in the action is voidable merely and not void. It may be attacked directly in any manner authorized by law, but in collateral proceedings it is invulnerable. Freeman on Judgments (5th Ed.), vol. 1, sec. 365; 34 C. J. 554, sec. 852; 15 R. C. L., p. 874, sec. 339; Enc. Plead. and Prac. vol. 11, p. 861. This is also the rule of this jurisdiction. McDuffie v. Geiser Mfg. Co., 41 Okla. 488. 138 Pac. 1029; National Surety Co. v. S. H. Hanson Builders' Supply Co., 64 Okla. 59. 165 Pac. 1136; Dennis v. Kelly, 81 Okla. 155, 197 Pac. 442.

It is conceded in the instant case that the petition in the original action, No. 46058, Lind v. Hurst, was sufficient to invoke judicial action to determine the validity or invalidity of the tax deed made an exhibit to that petition, but it is contended that because the tax deed was void it rendered the petition insufficient to state a legal cause of action. and that therefore the judgment based thereon is void, and not res judicata or an estoppel as to the rights of this instant plaintiff.

Plaintiff claims under a quitclaim deed from Hurst dated February 20. 1924. but not filed for record until March 12, 1925. At the date of this quitclaim deed, taxes against the property had been delinquent for more than two years and constituted a prior and superior lien thereon (Comp. Stat. 1921, sec. 9724), of which the instant plaintiff had presumptive full knowledge, because a pursuit of obvious avenues of inquiry would have resulted in actual knowledge. He also had the presumptive knowledge that this property had been previously sold for delinquent taxes. because the law required it

to be done (Comp. Stat. 1921, sec. 9730), and that the purchaser acquired the superior tax lien. He knew, presumptively, that the county treasurer might have been that purchaser (Comp. Stat. 1921, sec. 9740), and could have known certainly by proper inquiry, and that the lien of the county would have to be redeemed from the treasurer or assigned by him within two years, or a resale had at the expiration of that time. (S. L. 1923, ch. 158, secs. 1, 2, 3.) Knowing these things, and he is conclusively charged with a knowledge of all laws, he took under his quitclaim deed only such rights in the property as his grantor, Hurst, then had. Hurst had no rights superior to those of the holder of the tax lien at the date of his quitclaim deed to plaintiff. A resale was made May 12, 1924, under tax resale proceedings, the sale having commenced on the third Monday in April, according to law, and being continued thereafter from day to day until completed. (S. L. 1923, ch. 158, sec. 4.)

After the quitclaim deed to plaintiff and after the resale tax deed to defendant, Hurst continued in the actual possession and occupancy of the premises, and continued to appear as the record owner. On March 10, 1925, this instant defendant commenced cause No. 46058 against said Hurst to recover possession of and to quiet her title to the premises here involved, and by agreement the cause was tried that day. On March 12, 1925, this instant plaintiff filed his quitclaim deed for record, and simultaneously filed this instant action. Hurst's answer in No. 46058 was a general denial, an affirmative defense of invalidity of the tax deed, and a prayer that it be canceled as a cloud upon his title. After trial on the merits there was judgment for plaintiff in that action, followed by actual possession.

In Jackson v. Turner, supra, this court stated in the second paragraph of the syllabus:

"A plaintiff, claiming title to certain land through a tax deed, brought an action in ejectment and received (recovered) judgment against a defendant who appeared of record to be the owner of the land, subject only to the rights of the holder of the tax deed. This judgment is not res adjudicata as to a third party, who was not made a party to such action, and who had no actual knowledge thereof, and who in good faith, for value, had purchased this land from such defendant before the issuance of such tax deed, although such third party did not cause his deed to be recorded until after judgment in such ejectment action had been rendered, and although the said plaintiff did not have knowledge of such deed to the said third party until same was placed of record."

It is provided by Comp. Stat. 1921, sec. 5251, as follows:

"Except as hereinafter provided, no acknowledgment or recording shall be necessary to the validity of any deed, mortgage, or contract relating to real estate as between the parties thereto; but no deed, mortgage, contract, bond, lease or other instrument relating to real estate other than a lease for a period not exceeding one year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided."

It is provided by section 260, Id., known as the lis pendens statute, as follows:

"When the petition has been filed, the action is pending, so as to charge third persons wtih notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within 60 days after the filing of the petition."

These two sections have received a correlated construction by this court in harmony with the construction placed on them by the Supreme Court of Kansas prior to their adoption here. In Holland v. Cofield, 27 Okla. 469, 112 Pac. 1032, the first paragraph of the syllabus reads:

"The word 'title', in section 4285, Wilson's Rev. & Ann. St. 1903 (Comp. Stat. 1921, sec. 260), is to be construed in its broadest meaning and most comprehensive signification.

"(a) An action or claim to enforce a vendor's lien comes within its meaning."

The second paragraph of the syllabus applies this construction of the lis pendens statute to an unrecorded deed under the provisions of section 5251, Id., as originally enacted, thus:

"Under section 13, art. 1, ch. 21, Laws Okla. 1893, a lis pendens vendor's lien claim is superior, with certain exceptions, to the claim of a grantee in a deed which was unrecorded at the time of the filing of the lis pendens petition, but which was filed for record prior to the time of the reducing said vendor's lien claim to final judgment; said subsequent recording not having such retroactive effect as to overcome the superior lien theretofore obtained by the filing of the lis pendens vendor's lien claim."

The original form of the recording statute considered in the Cofield Case is slightly different from the form of section 5251, supra, but the substance and effect is the same. In the original section (Okla. Stat. 1893, art. 1, ch. 21, sec. 13) the language invalidating unrecorded instruments as to third parties is that

"from and after the filing thereof for record in such office, and not before, such deeds, conveyances and agreements shall take effect as to subsequent bona fide purchasers and incumbrancers by mortgages, judgment or otherwise."

The corresponding language in the present statute (S. L. 1897, ch. 8, sec. 11) reads: "but no deed, mortgage, contract, bond, lease or other instrument relating to real estate, other than a lease for a period not exceeding one year and accompanied by actual possession, shall be valid as against third persons unless acknowledged and recorded as herein provided."

In the Cofield Case the unrecorded deed was executed prior to the filing of the suit which constituted lis pendens, just as in the instant case, but was recorded before judgment was entered, unlike the instant case. In that case this court held that the grantee in the unrecorded deed was a lis pendens purchaser and that the judgment was superior to the deed. This holding by this court followed the prior construction of these statutes by the Kansas court, and is also in harmony with the later Kansas decisions which adhere to the early interpretations. Utley v. Fee (Kan.) 7 Pac. 555; Smith v. Kimball (Kan.) 13 Pac. 801; Smith v. Worster (Kan.) 54 Pac. 676; Board of Commissioners v. Lips (Kan.) 76 Pac. 851; Caldwell v. Bigger (Kan.) 90 Pac. 1095; Hillyard v. Fick (Kan.) 130 Pac. 675. This Kansas and Oklahoma rule is recognized generally by text-writers and courts as being the correct rule of interpretation where lis pendens and recording statutes similar to ours are in force. Freeman on Judgments (5th Ed.) vol. 1, sec. 530; 17 R. C. L., p. 1030, sec. 26.

Does the judgment rendered by the district court in cause No. 46058, and not appealed from, constitute res adjudicata of or operate as an estoppel to the claim asserted by plaintiff in the instant action under his quitclaim deed?

Jackson v. Turner, supra, in the second paragraph of the syllabus above quoted, holds that it is not. No decision from this or any other court, nor any text-writer, is cited or quoted from in that opinion to justify or support the conclusion there announced.

In that case, as in the instant case, it may be conceded that the tax deed relied on in the first action was absolutely void. The judgment erroneously determining the tax deed valid was not itself void, but merely voidable on direct attack. The court had jurisdiction of the parties and the subject-matter and judicial power to determine the validity of the tax deed. Its judicial action

was invoked in each case by sufficient averments in the petitions. and in the instant case, at least. by a sufficient traverse of those averments in the answer. It determined an issue joined by the parties, and its judgment, whether correct or erroneous, became final. Such a judgment is not void. McDuffie v. Geiser Mfg. Co., supra; Dennis v. Kelly, supra; National Surety Co. v. S. H. Hanson Builders' Supply Co., supra. In the last case cited the trial court entered a judgment impressing a lien upon certain school property and the judgment became final. In discussing the validity of the judgment, notwithstanding the error of law committed in its rendition, Justice Sharp used this very apposite language:

"No claim is made that the court did not have jurisdiction of the parties or of the subject-matter, but it is said, as we understand, that the court did not have power to render the judgment that it did, whereby a public building was charged with a lien and an order made directing that a tax be levied in satisfaction thereof. This position is obviously erroneous, as it in effect concedes that, had the court rendered judgment denying the lien, it would be valid; in other words, that the power of a court of general jurisdiction to render a judgment, in a class of actions in which it has jurisdiction both of the parties and subject-matter, is dependent upon the character of relief granted, or in whose favor the judgment is entered. We know of no authorities sustaining this view of the law."

In the instant case, if the trial court had held the tax deed void in No. 46058, without appeal, that adjudication would unquestionably have been valid and binding and would have operated as an estoppel against the plaintiff in that action to again assert rights under such tax deed.

Since the judgment of the trial court in cause No. 46058 was not void, but at most merely voidable for error, and since, by the provisions of section 260 and 5251, supra, as construed by this court and the Kansas court, the instant plaintiff was a lis pendens purchaser under his quitclaim deed, it follows that the judgment in cause No. 46058 is as binding and conclusive on him as on his grantor. The following language of Judge Pollock in Priest v. Robinson (Kan.) 67 Pac. 850, is very apropos:

"We attach but little importance to the title acquired by the tax deed. Standing alone, plaintiff would have but little trouble avoiding it. But the decree against plaintiff, quieting title to the property in Randall, holding under this deed, is a matter of more consequence. In this action of ejectment the attack made upon this decree is purely collateral, and unless absolutely void, as distinguished from voidable, the decree must stand in this case—a perpetual barrier between plaintiff and a recovery."

It is therefore concluded that the judgment of the district court of Oklahoma county in cause No. 46058, Lind v. Hurst, is res adjudicata of the rights here claimed by the instant plaintiff, and operates as an estoppel against the assertion of such rights. The judgment of the trial court in the instant case is reversed, and the cause remanded for a new trial.

PER CURIAM. Having read and carefully considered the foregoing opinion by Logsdon, C., it is hereby in all things approved and adopted by the court. Upon the authorities and for the reasons therein stated, the case of Jackson v. Turner, No. 11915, 107 Okla. 167, 231 Pac. 290, is hereby expressly overruled upon the question of res adjudicata as therein determined.

Note.—See under (1) 38 C. J. p. 59 § 98; 17 R. C. L. p. 1030; 3 R. C. L. Supp. p. 756; 4. R. C. L. Supp. p. 1165. (2) 34 C. J. p. 1015 § 1438.