## FIRST NAT. BANK OF ADA v. STEPHENSON et al.

No. 16540—Opinion Filed May 4, 1926.

Rehearing Denied July 13, 1926.

**1. Appeal and Error—Review of Equitable Action—Sufficiency of Evidence.**

In an equitable action the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence.

**2. Quieting Title—Judgment—Persons Concluded.**

A judgment quieting plaintiff's title to certain land, in a suit to which all the persons known to the plaintiff as claiming an interest in or incumbrance on the property are made parties, is effectual to divest the interest not legally recorded of a person who is not a party but who claims under a defendant in the suit, and of which the plaintiff had no actual or constructive notice.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by H. A. Stephenson against Merchants & Planters National Bank of Ada, Okla., G. D. Drain, K. A. Drain, and Bose Johnson to quiet title to certain real estate. First National Bank of Ada intervened. Judgment was rendered against intervener, and in favor of the plaintiff and certain defendants. Intervener appeals. Affirmed.

Brown, Brown & Williams, for plaintiff in error.

Sigler & Jackson, for defendants in error.

Opinion by FOSTER, C. An action was commenced in the district court of Carter county on October 7, 1923, by the defendant in error, H. A. Stephenson, as plaintiff, against the Merchants & Planters National Bank of Ada, Okla., G. D. Drain, K. A. Drain, and Bose Johnson, as defendants, to quiet the title of the defendant in error, Stephenson, to approximately 600 acres of land in Carter county.

It appears that in the year 1920, H. A. Stephenson was the owner of the land described in his petition, and on that date he, together with Leon Stephenson, who was under contract with H. A. Stephenson to convey Stephenson 50 acres of the land, conveyed the entire 600 acres to K. A. Drain. At the same time a contract was entered into between Stephenson and Drain,

enson some 200 acres known as the "farm whereby Drain agreed to reconvey to Stephland," when certain indebtedness against the land had been paid by Drain.

On the 22nd day of December, 1921, G. D. Drain, who was the father of K. A. Drain, to whom the land had previously been conveyed by K. A. Drain, executed a mortgage to the Merchants & Planters National Bank covering the entire 600 acres, in which K. A. Drain and Nettie Drain, his wife, joined, to secure an alleged promissory note in the sum of $5,712.23.

The object of the action by H. A. Stephenson was to quiet his title to the entire 600 acres, not only as against the Drains, but against the Merchants & Planters National Bank as well. Service of summons having been had upon the Merchants & Planters Bank, a default judgment was entered against it on the 8th day of November, 1923, quieting Stephenson's title in the land as against the claim of the Merchants & Planters Bank, and continuing the cause for service as to the other defendants.

Service was later obtained upon the Drains, and thereafter, on the 4th day of December, 1923, the First National Bank of Ada, having obtained leave of court, filed its plea of intervention in which it set up a claim to the land under the mortgage of the Merchants & Planters Bank, alleging that the note and mortgage had been assigned to it by the Merchants & Planters Bank.

Amended pleadings were afterwards filed by all of the parties, and in reply to the amended plea of intervention of the First National Bank of Ada, the defendant in error Stephenson, among other things, pleaded the former judgment in the action against the claims of intervener, alleging that at the Merchants & Planters Bank in bar of the time he filed his original action, no assignment of the mortgage of the Merchants & Planters Bank to intervener, First National Bank, had been filed for record in Carter county, and that he was without actual notice of the claims of the intervener at the time he obtained his judgment.

On request of intervener, First National Bank of Ada, the court filed findings of fact and conclusions of law, and rendered final judgment denying the claims of the intervener under its alleged mortgage, and in favor of the defendant in error Stephenson, quieting his title in 200 acres of the land, and in favor of the Drains quieting

their title in 400 acres of the land against the claims of all persons.

Motion for a new trial was filed by the intervener, heard, and overruled, and it appeals. There is no controversy here, as we understand it, between H. A. Stephenson and the Drains, over the disposition made by the trial court in its judgment of their claims in the land, and as we view the case, if the trial court correctly concluded, as a matter of law, that the claims of the intervener had been barred by the former judgment of Stephenson against the Merchants & Planters Bank, this judgment settled every controverted issue in the case.

If intervener was bound by the former judgment, and that judgment operated finally to confirm the title of H. A. Stephenson in the land, as against the claims of intervener under the mortgage pleaded by it, intervener could not be affected in anyway by the nature of the judgment thereafter rendered as between Stephenson and the Drains. It would effectually bar any claim in the land set apart to the Drains in the judgment, as well as in the lands set apart to Stephenson. Therefore, the crucial question for determination is, Did the trial court err as a matter of law in finding that the intervener, First National Bank of Ada, was bound by the judgment rendered in the action on the 8th day of November, 1923?

It is contended by intervener in the first place, that the defendant in error Stephenson had actual notice of its claim at the time of the institution of his action on October 2, 1923. The trial court found that the defendant in error Stephenson had no knowledge of the transfer of the note and mortgage by the Merchants & Planters Bank of Ada to the First National Bank. This finding is supported by the testimony of the defendant in error Stephenson, who testified that he did not learn that intervener had any claim against his property until after he filed his action, and this testimony is borne out, we think, by Stephenson's action in bringing the lawsuit. Since Stephenson was intent upon clearing the title to his land, there does not appear to be any good reason why he should not have brought his action against the intervener, as well as the Merchants & Planters Bank, had he known of intervener's claim against the property. While the evidence on this proposition was somewhat conflicting, we think the trial court was well within its rights in concluding, on this phase of the case, that Stephenson had no knowledge of the ownership by intervener of said note and mortgage at the time he commenced his action.

It is insisted in this connection that K. A. Drain was the agent of Stephenson, and since it is conceded that Drain had knowledge of intervener's claim, such knowledge must be imputed to Stephenson.

It was the theory of intervener that the defendant in error Stephenson, at the time he executed his deed to K. A. Drain, conveying the 600 acres of land, was indebted to one Bose Johnson upon a note for about $5,000, and that this note, which was secured by a mortgage on the land, was one of the debts owing by Stephenson which Drain was authorized to pay, and that acting under Stephenson's direction, he, Drain, did pay the Bose Johnson note by executing a new note and mortgage to the Merchants & Planters Bank after the deed was delivered. However, Stephenson denied owing Johnson anything on this note at the time his deed to Drain was executed, except about $700, which was afterwards paid to the Merchants & Planters Bank, and that the Bose Johnson note was not included among his obligations which Drain was to pay in the transaction in which he executed and delivered his deed. In other words, Stephenson claimed that Drain had no authority to pay the Bose Johnson claim, and if he did so he exceeded his authority. It was intervener's claim at the trial that it did not obtain information of any claim by Stephenson to the land until some months after the note was transferred to it by the Merchants & Planters National Bank, and it would appear therefore that intervener did not rely upon any apparent authority of Drain as Stephenson's agent at the time it received the note. It must also be borne in mind that it was several months after Drain executed the note and mortgage to the Merchants & Planters Bank, before the intervener by transfer obtained the note. Before this, K. A. Drain had, for his own convenience and without any authority from Stephenson, conveyed the land to his father, G. D. Drain. There is nothing to be found in the evidence on behalf of intervener which would warrant the conclusion that Drain's agency extended further than the execution by him of the note and mortgage to the Merchants & Planters Bank. His authority would be confined to the payment or renewal of this and other obligations of Stephenson.

A principal is never charged with notice received by an agent after the termination of his agency. 31 Cyc. 1595. Can it be said

that the alleged principal in this case, H. A. Stephenson, is charged with notice received after the termination of the agency through a mere subagent appointed without his authority? Upon this branch of the case the trial court, we think, was fully justified under the conflicting evidence before it, in finding in favor of the defendant in error Stephenson upon the proposition of agency. In McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558, it is said:

"The law itself makes no presumption of agency, and as defendant bases his title to the cattle on a purchase from John Noah, alleged agent of the owner, the burden of proving Noah's agency, including not only the fact of its existence, but its nature and extent, rests upon the defendant. There is no evidence that the plaintiff, or his intestate, conceded the agency, and then contended that it had been terminated or that it was a limited or restricted agency. It is incumbent upon a person dealing with an alleged agent to discover at his peril, whether the assumed agency be general or special, that such pretended agent had authority, and that such authority is in its nature and extent sufficient to permit him to do the proposed act."

Having concluded that the trial court was fully justified by the evidence in finding that the defendant in error Stephenson had no actual notice of the claim of intervener at the time he obtained his judgment, we recur to the proposition stated in the outset, namely: Did the trial court err, as a matter of law, in concluding that intervener was bound by the judgment rendered on the 8th day of November, 1923?

The record discloses that intervener had not filed its assignment of the mortgage from the Merchants & Planters Bank for record in the county court of Carter county, that being the county in which the land was located. At the time the default judgment was rendered, the records in the office of the county clerk disclosed that the Merchants & Planters Bank was the owner of the mortgage.

Service was obtained upon the record owner by the defendant in error Stephenson, and all other parties known to be claiming an interest in the land, and judgment by default finally rendered against the record owner quieting and confirming the plaintiff's title in the land. No application has been made to set this judgment aside. Numerous authorities are cited by intervener in support of the proposition that no one is bound by a judgment, except the parties thereto and their privies, and that a party

is not privy to a judgment unless he acquires his interest subsequently to the action.

It is argued that since intervener acquired its rights prior to the action, it is not bound by the judgment. This rule, however, is not applicable where the party claims under an unrecorded assignment from a party defendant to the action. As between such an individual and the plaintiff, the judgment in favor of the plaintiff places the plaintiff in the position of a bona fide purchaser for value and without notice of the rights of the holder of the prior unrecorded instrument.

The plaintiff in such action is not required to look beyond the record in the office of the county clerk, in order to determine the proper parties defendant in the action, and when such plaintiff, in reliance upon the disclosures afforded by such public record, makes all persons parties who are shown by the record to claim an interest in the land, and subsequently obtains a final judgment in the action, which is not vacated or set aside, such judgment is binding as to individuals claiming an interest in the land by assignment or transfer from a party defendant and record claimant which had not been recorded as provided by section 5251, C. S. 1921, and of which plaintiff had no actual notice.

Had intervener, subsequently to the action, filed its assignment of record, it would have become a mere lis pendens purchaser, and therefore bound by the judgment. Lind v. Goble, 117 Okla. 195, 246 Pac. 472.

The rule applicable to the situation presented in the case is stated by the Supreme Court of the United States in Lynch v. Murphy, 161 U. S. 247, as follows:

"* * * That deed of trust was inoperative as a legal instrument. There being no actual notice, and the recording of the defective deed not operating as constructive notice, the alleged equitable lien is wholly inoperative against those holding under the decree below."

In the body of the opinion the court continued:

"Pippert instituted and prosecuted his suit for cancellation of his conveyance against all persons known to him as claiming an interest in or incumbrance on the property. He did what the law required, in order to make his judgment binding upon all the world, and when the court divested Mrs. English of all her interest in the

property, appellant's alleged rights, acquired through her, not having been legally recorded before judgment, were divested by the decree as effectually as if appellant had been a party. There being no actual notice, and the recording of the defective deed not operating as constructive notice, the alleged equitable lien is wholly inoperative against those holding under the decree."

See, also, Reel v. Wilson (Iowa) 19 N. W. 814.

We therefore conclude that the trial court committed no error in holding, as a matter of law, that the judgment not only divested all of the interest of the Merchants & Planters Bank, but also the interest of the intervener claiming under a prior unrecorded assignment of the mortgage of the Merchants & Planters Bank. Since the judgment obtained by the defendant in error Stephenson, on the 8th day of November, 1923, completely divested all of the title and interest of intervener in the property in question, it is unnecessary to consider the other propositions raised.

These propositions deal with the alleged payment of the note by Stephenson prior to the date on which the Merchants & Planters Bank obtained the note from Bose Johnson, and of whether on account of such alleged payment there was such an infirmity in the title of the Merchants & Planters Bank as would preclude any recovery by it, or by its tranferee, even if the Merchants & Planters Bank had purchased the note from Bose Johnson prior to the maturity thereof.

These matters, however, would be material only upon a consideration of the merits of the claims asserted by intervener under its note and mortgage. We conclude, upon careful examination of the entire record, that the judgment of the trial court is not clearly against the weight of the evidence, and is therefore in all things affirmed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 900 §§2869, 2870; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 32 Cyc. p. 1384.