*Decision will be entered under Rule 50.*

ESTATE OF THERESA SEAGRIST, CORN EXCHANGE BANK TRUST COMPANY, AS ADMINISTRATOR WITH THE WILL ANNEXED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96392. Promulgated November 5, 1940.

*William H. Amend, Esq.*, for the petitioner.
*Harold F. Noneman, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $2,130.05 in estate tax. The issues for decision are (1) whether the Commissioner erred in allowing a deduction of only $40,000 out of $140,600 due on seven mortgages, the lien of which was spread over two properties owned by the decedent and four owned by her husband and (2) whether real estate taxes on properties owned by the decedent, payable in the second half of 1935 after her death, are deductible. The facts have been stipulated and the Board adopts the stipulation as its findings of fact.

Two pieces of real estate, one at 309 and the other at 313 West 42d Street, New York City, were owned by the decedent at all times material hereto. Her husband, Francis K. Seagrist, was the owner of four pieces of real estate known as 317, 319, 321, and 323 West 42d Street, New York City. Each of the six properties was encumbered by a mortgage given by the owner to the Emigrant Industrial

Savings Bank. The unpaid principal due as of August 28, 1933, was $35,600 on the mortgages secured by the properties of the decedent and $90,000 on the mortgages secured by the properties of her husband. The decedent and her husband wanted to obtain additional funds with which to pay taxes due on their properties. The Emigrant Industrial Savings Bank agreed to lend an additional $15,000, provided that the lien for the total amount to be owed would be spread over all six of the properties. Counsel for the Seagrists advised them to place the title to all of the properties in the name of either one or the other to facilitate handling the matter. The husband, on August 28, 1933, gave his wife a deed to the four properties owned by him. The decedent, on December 6, 1933, gave to the bank her bond in the amount of $15,000 and a mortgage for the same amount covering all six of the properties. She entered into an agreement with the bank on the same date, consolidating all of the mortgages into one lien, spreading the lien of the consolidated mortgage over all six pieces of real estate, and extending the time for payment. The decedent thereafter on the same day gave her husband a deed to the four properties which he had theretofore conveyed to her.

The $15,000 obtained on the loan, together with an additional amount of about $6,000, was used to pay taxes, penalties, and interest on the properties. $8,351.75 was applied on the properties which originally belonged to the decedent and $12,529.71 was paid on account of properties originally owned by her husband.

A deduction equal to the total amount of the seven mortgages, together with accrued interest thereon, was claimed on the estate tax return for the estate of the decedent. The Commissioner, in determining the deficiency, allowed $40,000 of principal and accrued interest on that amount.

The two properties which had originally belonged to the decedent were included in her gross estate at a value of $212,000. The four properties which originally belonged to her husband were not included in her gross estate.

The decedent died on July 11, 1935, survived by her husband, who was the sole distributee of her estate.

The petitioner contends that $140,600, the entire amount of the seven mortgages mentioned in the agreement of December 6, 1933, between the bank and the decedent, should be allowed as a deduction in determining the net estate of the decedent. This contention is based upon application to the present case of the following rule of law in New York as stated in *Chapman* v. *West*, 17 N. Y. 125:

It is a familiar principle of equity that when mortgaged premises are sold, subsequent to the mortgage, to different purchasers in parcels, the parcels,

on foreclosure, are to be sold in the inverse order of their alienation, according to the equities of the respective purchasers in regard to the payment of the mortgage. (*Stuyvesant* v. *Hall*, 2 Barb. Ch. 151; *Guion* v. *Knapp*, 6 Paige, 35; *Howard Ins. Co.* v. *Halsey*, 8 N. Y. 271.) When sufficient is realized by the sale of one or more parcels to pay the mortgage debt and costs, the remaining parcels are, of course, discharged of the lien.

Here the decedent, while record owner of all six of the properties, entered into the agreement of December 6, 1933, spreading the lien of all seven mortgages over the six pieces of real estate. Thereafter she alienated four of the pieces of real estate and retained two which had a value in excess of the total amount of the consolidated mortgages. The petitioner concludes that the mortgages would have to be satisfied out of the two lots belonging to the decedent at the time of her death, her husband's four lots would be discharged of the lien and, therefore, the entire amount of the mortgage is an unpaid mortgage upon her property deductible under section 303 (a) (1) (D) of the Revenue Act of 1926, as amended by section 805 of the Revenue Act of 1932.

The respondent agrees that the above quotation is a correct statement of the law of New York but he argues that it has no application here. He says the rule is an equitable one and would not be applied between this decedent and her husband where inequities would result from its application. The cases cited by the petitioner do not show that the rule would be applied and we do not believe that the courts of New York would apply the rule under circumstances like those shown here. The benefits of the four loans originally made on the properties of the husband all flowed to him, as did the larger part of the benefit from the $15,000 blanket mortgage. The transfers of the four properties to the decedent and back to her husband were without consideration. We can see no equity in holding her two properties primarily liable for the payment of moneys borrowed and used by him. If the properties of the decedent were ever taken in foreclosure by the mortgagee, rights of subrogation against the husband and his property upon the original bonds and mortgages would accrue to the decedent or her estate. Thus, the actual amount of indebtedness for which her estate was ultimately liable and for which a deduction should be allowed in arriving at the true value of her net estate, was not in excess of the amount used by the Commissioner in determining the deficiency. Cf. *John Parrott, Jr., et al., Executors,* 7 B. T. A. 134; affd., 30 Fed. (2d) 792; certiorari denied, 279 U. S. 870.

Section 303 (a) (1) (D) allows deductions "for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein, undiminished by such mortgage or

indebtedness, is included in the value of the gross estate." Section 303 (a) (1) further provides:

\* \* \* The deduction herein allowed in the case of claims against the estate, unpaid mortgages, or any indebtedness shall, when founded upon a promise or agreement, be limited to the extent that they were contracted bona fide and for an adequate and full consideration in money or money's worth.

To what extent, from the standpoint of the decedent, did she contract the agreement of December 6, 1933, for an adequate and full consideration in money or money's worth? She never had any real financial interest in the four properties belonging to her husband. It may fairly be assumed that her agreement to pay the unpaid balance of $35,600, secured by the two mortgages on her own property, was contracted bona fide and for an adequate and full consideration in money or money's worth. Likewise, to the extent that she benefited from the $15,000 borrowed in 1933, her promise and agreement in connection with that mortgage was contracted for an adequate and full consideration in money or money's worth. The record does not show who furnished the additional $6,000 used to pay taxes. The petitioner had the burden of proof and we may not assume for its benefit that the $6,000 was not furnished by the decedent. Therefore, this record does not show that the decedent benefited from the $15,000 mortgage in any amount in excess of $2,351.75. Thus, the total adequate and full consideration in money or money's worth in the agreement of December 6, 1933, measured from the standpoint of the decedent as shown by this record, was $37,951.75. The two quoted portions of the statute, read together, clearly indicate that Congress did not intend to allow any greater deduction, under the circumstances of this case, than has been allowed. Cf. *Oreon E. Scott et al., Executors and Trustees*, 25 B. T. A. 131; *Estate of Herbert A. Schoenfeld*, 37 B. T. A. 36; affd., 103 Fed. (2d) 964; *Estate of Charles H. Lay*, 40 B. T. A. 522.

Real estate taxes for the second half of the calendar year 1935 upon real estate in the city of New York became liens upon the real estate on October 1, 1935, when they also became due and payable. The decedent owned a number of pieces of real estate in the city of New York. They were included in her gross estate. Taxes on those properties for the second half of the calendar year 1935 were paid after her death in the amount of $7,543.50. The estate claims the right to deduct that amount. The Commissioner has disallowed the deduction. His position is that since the lien for the taxes did not attach until after the death of the decedent, and since the taxes were not payable until that time, they were not debts of the decedent for the purpose of determining her net estate. It has been held that the determining factor in ascertaining the deductibility of taxes from the gross estate under provisions

like those in section 303 (a) (1) of the Revenue Act of 1926, is the date upon which a lien for the taxes attaches. *Charles B. Shelton et al., Executors*, 3 B. T. A. 809; *Roy J. O'Neil et al., Administrators*, 31 B. T. A. 727; *Estate of Henry Friend*, 40 B. T. A. 768; *Estate of A. S. Klyce*, 41 B. T. A. 194; *Carter v. United States*, 3 Fed. Supp. 782; *Thompson v. United States*, 8 Fed. (2d) 175. We hold, following those cases, that the Commissioner did not err in disallowing the deduction.

*Decision will be entered for the respondent.*